Stephen Stoffan, M.D., Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued May 5, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*Bresci R. P. Leonard*, with him *Robb, Leonard & Edgecombe,* for appellant.

*Robert S. Englesberg,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., July 21, 1977:

Dr. Stephen Stoffan, M.D. (Appellant) appeals the decision of the Department of Public Welfare (DPW) which barred him from further participation in the Pennsylvania Medical Assistance Program (Program) and denied him payment of claims for services which he allegedly rendered.

The Program reimburses participating physicians for medical services rendered to DPW recipients. After a hearing, Appellant was barred from the Program due to his failure to maintain medical records which would support his invoices submitted to DPW. Appellant objects to the decision on many ingenious but foundationless grounds. His objections are as fol-

lows: first, DPW regulations requiring records are vague; second, the decision of the hearing officer was not supported by competent evidence; third, the hearing officer was biased; fourth, there was a failure to receive adequate notice of the charges; fifth, there was an improper commingling of judicial and prosecutorial functions within DPW; and finally, that the sentence was disproportionate to the offense.

It need not be said again that the scope of review of this Court in reviewing decisions of an administrative agency is limited by the Administrative Agency Law, Act of June 4, 1945, P.L. 1388, *as amended*, 71 P.S. §1710.44, to a determination of whether the decision was in accordance with law, the findings of fact made by the hearing officer were supported by substantial evidence, or the constitutional rights of the defendant were violated.

Accordingly, we affirm the decision of DPW.

A physician receives reimbursement for each patient from DPW by periodically submitting Pa. Form 259 entitled "Standard Medical Invoice." On the top right corner of the invoice is a small square where the doctor records the "Technical Diagnosis." Also, there is a box entitled "Explanation" where Appellant would record whether medicine was prescribed.[1] Directly above the required physician's signature is the following statement: *"Vendor's Records and Certification*—I hereby certify that services were provided as shown and under conditions 1 through 5 as shown on the reverse of this form." Conditions one and two are:

    1. I agree to keep such records as necessary to disclose fully the extent of services provided to Medical Assistance patients.

---

[1] Appellant did not name the prescription until after the investigation which resulted in this adjudication.

2. I agree to make available to Department of Public Welfare, or its agents, records pertaining to payments for services provided to Medical Assistant patients.

Appellant admits that the only medical record he kept was the invoice itself, with its one or two word technical diagnosis. This failure to maintain proper records led to Appellant's elimination from further participation in the Program. According to the record, Appellant had been charged in 1969 with failing to keep proper records but, upon his agreement to keep the records required by the Program administrator, was permitted to continue in the Program.

Appellant contends that the notation on the invoice, together with his recall, are a sufficient and adequate record. We have no hesitation in affirming DPW's decision that Appellant's records were inadequate. Aside from the obvious need for a record so that another physician would be able to determine the proper course of treatment in emergencies, DPW requires supporting records to determine whether the physician is genuinely entitled to reimbursement and to guard the Program against fraudulent claims. In that regard, we hold that Appellant's records are patently inadequate.

The remainder of Appellant's contentions require cursory treatment. There is no basis for his contention that the facts found by the referee were not supported by competent evidence. Most were admitted by Appellant, except that he denies the conclusion that his record keeping was inadequate. Appellant's claim that the hearing officer was biased is totally without foundation. Appellant's argument that he failed to receive adequate notice of the charge against him is vitiated by the fact that he stipulated to the charges prior to the hearing and never requested any continuance in order to prepare his defense. His contention

that there was an improper commingling of prosecutorial and judicial functions cannot be sustained because these functions were performed by different persons. *See State Dental Council and Examining Board v. Pollock*, 457 Pa. 264, 318 A.2d 910 (1974). Finally, in these circumstances, our review of the record leads us to conclude that the judgment and conclusions by DPW were proper.

Accordingly, we

### ORDER

AND Now, this 21st day of July, 1977, the decision of the Department of Public Welfare is hereby affirmed.