Ashbourne Educational Services Inc., t/a Ashbourne School, Petitioner v. Commonwealth of Pennsylvania, Department of Education, Respondent.

Argued May 10, 1985, before Judges MacPHAIL and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Larry Haft,* with him, *Lawrence J. Beaser,* of Counsel: *Blank, Rome, Comisky & McCauley,* for petitioner.

*John A. Alzamora,* for respondent.

OPINION BY JUDGE COLINS, October 16, 1985:

Ashbourne Educational Services, Inc. (Ashbourne) appeals from an order of the Secretary of Education (Secretary) which dismissed its exceptions to a decision of a Department of Education (Department) hearing examiner and adopted the examiner's findings of fact and conclusions of law.

Ashbourne is a profit-making, licensed private day school approved by the Department for the receipt of state funding for the special education of children suffering from severe social and/or emotional problems, brain damage, and other debilitating conditions, pursuant to the Public School Code of 1949.[1]  These

---

[1] Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§13-1371-1376.

children are placed at Ashbourne also with Department approval.

Ashbourne, like the other forty approved private schools in Pennsylvania, is audited by the Department on an annual basis in order to determine the validity of claims for Department reimbursement of expenses incurred in providing special education.[2] Prior to the audit, however, the Department provides advanced payments based upon its estimate of the school's needs. Following each audit, the Department informs the school whether the expense claims have been allowed or disallowed for reimbursement and what final reimbursement the school is entitled to receive. If the Department's advanced payments exceed the reimbursable amount allowed in the audit the Department makes adjustments to payments made in the year the audit is completed.

The Department's audit of Ashbourne's claims for reimbursement for its 1980-81 fiscal year allowed $1,-062,370.34. This amount was less than that claimed and received by Ashbourne as advanced payments, and the Department adjusted the school's 1981-82 payments to correct this.

Ashbourne appealed the Department's determination and a five-session administrative hearing was held between September 14, 1982, and October 22, 1982, before a hearing examiner appointed by the Secretary. The examiner, in a report issued January 28, 1983, sustained the 1980-81 Department disallowances in contest. After a review of exceptions filed, the Secretary issued an August 2, 1984, opinion and order adopting the report of the hearing examiner. This appeal followed.

---

[2] Pursuant to 24 P.S. §13-1376 and Department Regulations found in 22 Pa. Code §§171.11-171.23 and §§171.41-171.195.

On appeal, Ashbourne claims that this Court should reverse the decision below because the Secretary, after reviewing the decision of the hearing examiner, adopted the examiner's findings and conclusions without change. We disagree.

The scope of review of this Court in reviewing decisions of an administrative agency is limited to a determination of whether the decision was in accordance with law, the findings of fact were supported by substantial evidence, or constitutional rights were violated. *Stoffan v. Department of Public Welfare,* 31 Pa. Commonwealth Ct. 203, 375 A.2d 894 (1977). We are bound by the agency's findings if supported by the evidence on the record and applicable law. Therefore, the Secretary's findings will be upheld by this Court as long as they are supported by the evidence on the record. This is true even though these findings are the result of an adoption by the Secretary of a hearing examiner's recommendations. While the Secretary is not bound by the hearing examiner's report and recommendations, *see Fitz v. Intermediate Unit No. 29,* 43 Pa. Commonwealth Ct. 370, 403 A.2d 138 (1979), nowhere in the law is it suggested that the Secretary has the authority or mandatory duty to completely disregard the report. Such a system would make the function of the hearing examiner a mere formality and a needless waste of time. This clearly was not contemplated when such a system of review was established. Here, the findings of the examiner, as will be discussed, were supported by both the evidence on the record and the law. The adoption and affirmance by the Secretary was, therefore, proper.

The examiner, as affirmed by the Secretary, found that an adjustment made by the Department to Ashbourne's 1981-82 reimbursable expenses was a proper

exercise of its power. This adjustment was made after it was determined by the Department that it had overpaid Ashbourne for its 1980-81 fiscal year. The audit of the 1980-81 fiscal year was completed in 1982 and the adjustment was, therefore, made in 1982. The regulation governing this procedure, 22 Pa. Code §171.19(e)(1), provides:

> The Department will complete the preaudit within 45 days of receipt of the budget submission. If the Department has not completed the preaudit of a school within the allotted time, it will make payments to that school based on the budget submission until such time as an audit as otherwise prescribed in this chapter is completed. Any adjustments in payment required as a result of the audit will be made in the final payment to that school in that fiscal year.

Ashbourne contests the propriety of the Department's actions here. It would have this Court interpret the phrase "in that fiscal year" as the fiscal year to which the Department audit pertains (1980-81). Ashbourne, therefore, claims that the Department's adjustment should have been made by the end of the 1980-81 fiscal year. Because it was not, Ashbourne contends it was untimely and improper.

Such an interpretation, however, is inaccurate. The phrase "in that fiscal year" means the fiscal year in which the audit is completed (1982). If the audit here had to be completed by the end of the 1980-81 fiscal year, the Department would be auditing expenses before or at the same time the expenses were incurred. This would obviously be an impossible task for the agency.

Ashbourne also claims that the Department erred by applying audit regulations which became effective

on August 30, 1980, to expenses incurred in its fiscal year which began on July 1, 1980. It contends that proper notice to the school requires regulations not to be applied to expenses which were incurred before the effective date of the regulations. We disagree.

Agencies may adopt such retroactive regulations so long as their application does not interfere with a school's vested right to compensation, *Ashbourne School v. Department of Education,* 43 Pa. Commonwealth Ct. 593, 403 A.2d 161 (1979). Where such regulations make reimbursement of costs subject to Department review and audit, compensation must be deemed conditional, not vested. *Id.* Because Ashbourne's right to compensation under these regulations is subject to audit and, therefore, conditional, retroactive application was proper.

Ashbourne further contests the Department's computation of the maximum amount of reimbursement it was permitted for the 1980-81 fiscal year. This amount depends in part on the number of school days included in the academic year. The governing regulation here, 22 Pa. Code §171.11, provides that the school year consists of:

> The period within the fiscal year of July 1 to June 30 of at least 180 instructional days or, if approved by the Secretary, a period of less than 180 instructional days in which a meritorious educational program of at least 900 hours at the elementary level and 990 hours at the secondary level is offered.

The Department determined that Ashbourne, without the approval of the Secretary, had operated for 177.5 school days during its 1980-81 academic year rather than the minimum of 180 days as provided by the statute. Ashbourne contends that the Secretary erred here in finding that the Department's computa-

tion was correct. It argues that it received tacit approval from the Secretary of a revised calendar submitted by it after the Secretary had approved its 1980-81 calendar showing only 177.5 operating days.

There is no evidence on the record supporting Ashbourne's argument. There is, however, evidence supporting the Secretary's findings. James Pfeiffer, a Department auditor who calculated the number of days Ashbourne was in session during the 1980-81 academic year, testified before the hearing examiner that his calculation was based on the data submitted by Ashbourne. He further stated that his calculation came to 177.5 instructional days and that no waiver from the Department had been granted to operate for less than 180 days.[3] The Secretary's finding was, therefore, in accordance with law and supported by the evidence.

In its final argument, Ashbourne contests specific Department disallowances. Expenses claimed by Ashbourne and disallowed by the Department include: (1) interest paid on loans; (2) payments made to doctors for certain "contracted services"; (3) payments for counseling services; (4) building and maintenance repairs; (5) mail service costs; (6) electricity payments; (7) telephone charges; (8) accountant fees; (9) lawyer fees; (10) depreciation on transportation; and (11) cost of yearbook materials.

Department regulations found in 22 Pa. Code §171.41 provide that in order for a claimed expense to be reimbursable, it must be:

(1) a net expense;
(2) adequately documented;
(3) a properly allocated or apportioned cost of the special education of Pennsylvania resi-

---

[3] N.T. 524-526.

dent approved reimbursed students in an approved private school;

(4) reasonable;

(5) paid or incurred during the audit year;

(6) identifiable through the application of generally accepted accounting principles; and

(7) not excluded by any provision contained in this title or the Public School Code of 1949 (24 P.S. §§1-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).

All of the expenses claimed by Ashbourne above, except the yearbook expense, were disallowed because they were not adequately documented. Adequate documentation is necessary for reimbursement of an expense.[4] Such adequate documentation includes timely submission of[5] and access by the agency to "all financial data relative to the school. . . ."[6] Evidence on the record clearly shows that the Department was not provided with the data it needed or requested. The Department's auditors testified that despite both repeated oral and written requests for records and data pertaining to each of these disallowances, they were denied access to necessary information or were provided with incomplete or inadequate records.[7] The disallowances, therefore, were proper.

Ashbourne's reimbursement claim to yearbook expenses was also disallowed by the Department. Ashbourne argues that the Department's auditors had no basis upon which to disallow this expense. We disagree.

In order for an expense of an approved private school to be deemed reasonable and, therefore, reimbursable, the cost must be generated by an activity

---

[4] 22 Pa. Code §171.41(d).

[5] 22 Pa. Code §171.41(e).

[6] 22 Pa. Code §171.19(e)(3).

[7] N.T. 28-18-28.5; 29.14-30; 33.14-19; 526.9-526.25; 538.21-544.18.

which is equivalent to the usual and necessary special education programs conducted by a school district or intermediate unit[8] or a cost necessary for the day-to-day operation of an approved private school.[9] The costs of yearbooks are not usual and necessary operational costs of a school district or intermediate unit. Moreover, 22 Pa. Code §171.160 specifically directs approved private schools to charge students for items such as yearbooks and in their own internal accounting to offset the income generated from the charges against the expenses of production of the yearbook.[10] The disallowance of this claim was, therefore, properly upheld.

For the reasons stated above, the order of the Secretary is affirmed.

ORDER

AND Now, this 16th day of October, 1985, the order of the Secretary of Education, dated August 2, 1984, is affirmed.

Judge ROGERS did not participate in the decision in this case.

---

[8] 22 Pa. Code §171.41(i)(2).

[9] 22 Pa. Code §171.41(i)(1).

[10] 22 Pa. Code §171.160 provides:

The cost of printing and reproduction of internal forms, report cards, brochures describing school program, notices, and other documents necessary and usual to the operation of a school program shall be allowable. If the document is one, *such as a yearbook, for which a charge to the recipient would normally be made,* then such charge shall be made by the school and the income then netted against the cost of reproduction. (Emphasis added.)