Elaine E. Cambric, Appellant *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Appellee.

Submitted on briefs before a Special Session, Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Mark P. Cancilla,* for appellant.

*Jean E. Graybill,* Assistant Counsel, for appellee.

OPINION BY JUDGE WILLIAMS, JR., August 26, 1982:

Appellant Elaine Cambric appeals from a determination of the Department of Public Welfare (DPW) denying her a child care allowance in the amount of forty (40) dollars per week.

Appellant, a college student enrolled in evening classes at the University of Pittsburgh, applied for a child care allowance in the amount of forty (40) dollars per week pursuant to Section 175.23(c)(3)(ii) of the Public Assistance Eligibility Manual,[1] to cover the cost of fifteen hours of babysitting services while she was attending school. The Allegheny County Assistance Office (CAO) denied appellant's request, ruling that the amount requested was excessive and unreasonable. In its denial, the CAO stated that the standard pay for child care services in the region of the state in which appellant resides is two (2) dollars per hour. The CAO held, therefore, that appellant is entitled to a child care allowance in the amount of thirty (30) dollars per week. Appellant appealed the CAO's determination, and the Office of Hearings and Appeals of DPW affirmed that decision. This appeal followed.

On appeal from an order of an administrative agency, this Court's scope of review is limited to a determination of whether there is an error of law,

---

[1] 55 Pa. Code §175.23(c)(3)(ii).

whether the findings of fact are supported by substantial evidence, or whether there is a violation of constitutional rights. *Stoffan v. Department of Public Welfare,* 31 Pa. Commonwealth Ct. 203, 375 A.2d 894 (1977). "The establishment by an administrative agency of rules, regulations and standards, the administration by an agency of programs in its charge and the execution of administrative duties and functions all involve wide discretion. In none of these areas may the courts disturb the exercise of this discretion in the absence of proof of fraud, bad faith, manifest and flagrant abuse of discretion or a purely arbitrary execution of duty." *Budzinski v. Department of Public Welfare,* 39 Pa. Commonwealth Ct. 176, 179, 394 A.2d 1333, 1334-35 (1978).

In the instant case, DPW investigated and researched the appropriate fee for child care services in the area in which appellant dwelled. DPW found that payment of two (2) dollars per hour was suitable for such work. Our review of the record in this case reveals nothing which would warrant our disturbing DPW's decision.

Order affirmed.

### ORDER

AND Now, the 26th day of August, 1982, the order of the Department of Public Welfare in the above matter is affirmed.