Michael Sheets, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued May 6, 1985, before Judges CRAIG and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*David A. Scholl,* for petitioner.

*Carol A. Genduso,* Assistant Counsel, with her, *John Kane,* for respondent.

OPINION BY JUDGE DOYLE, July 17, 1985:

This is an appeal from an adjudication of the Department of Public Welfare (Department) which affirmed the decision of the Lehigh County Board of Assistance (CBA) denying Petitioner general assistance benefits.

On April 6, 1983, Petitioner, Michael Sheets, re-applied for general assistance benefits which had been discontinued for reasons unrelated to this appeal. Petitioner requested classification as a "chronically needy person" under Section 432(3)(i) of the Public Welfare Code (Act),[1] 62 P.S. §432(3)(i), on the basis of a physical handicap which prevented him from working.[2] Pursuant to Section 141.61(d)(1)(iii)(C)(I) of the Public Assistance Manual (Manual), 55 Pa. Code 141.61(d)(1)(iii)(C)(I), the CBA classified Petitioner as a transitionally needy person on April 12, 1983 and authorized benefits for ninety days pending documentation of his physical handicap. At the time of the authorization, and throughout the ninety day period, the CBA repeatedly informed Petitioner that medical documentation was necessary for his status to be reclassified as chronically needy, and his benefits to be continued beyond ninety days. Despite these notices, Petitioner failed to submit medical documentation within ninety days. On July 28, 1983 the CBA notified Petitioner that his ninety day eligibility as a transitionally needy person had expired, and on August 3, 1983, benefits were terminated. On August 15, 1983, Petitioner submitted a completed medical form from his treating physician which indicated that he was fully employable. The next day Petitioner appealed to the Department from the CBA's termination of his general assistance benefits.

At the hearing Petitioner argued that the August 15 medical report submitted by his own treating physician was erroneous and should be disregarded. Petitioner presented evidence which attempted to show

---

[1] Act of June 13, 1967, P.L. 31, as amended.

[2] Section 432(3)(i)(C) of the Act, 62 P.S. §432(3)(i)(C), includes within the category of "chronically needy persons", persons who have a serious physical or mental handicap which prevents them from working in any substantial gainful activity.

that Petitioner was medically disabled as of the date of his initial application. The Hearing Examiner determined, however, that the issue before her was not whether Petitioner was medically eligible for chronically needy benefits but rather whether Petitioner established his eligibility within the ninety day time period required by the Manual. Finding that Petitioner had not documented his eligibility within this ninety day time period, the Hearing Examiner concluded that the CBA acted in accordance with Department regulations in terminating Petitioner's benefits. Petitioner's request for reconsideration was denied by the Department on April 16, 1984, and this appeal followed.

On appeal to this Court,[3] Petitioner argues that the Hearing Examiner erred in applying the relevant Department Regulations. At issue is the interpretation of Section 141.61(d)(1)(iii)(C)(I), of the Manual, which establishes a procedure for chronically needy persons who cannot document their medical eligibility within the thirty days required under the Act.[4] Subsection (I), which sets forth one of two alternative procedures states, in pertinent part:

> The applicant or recipient will register at OES and be classified as transitionally needy until documentation is provided, if such applicant is otherwise eligible for transitionally needy assistance. . . . Assistance will be authorized or continued as long as all eligibility requirements

---

[3] Our scope of review in a public assistance case is limited to determining whether the agency action appealed from is in accordance with law, whether constitutional rights have been violated, and whether necessary findings of fact are supported by substantial evidence. *Cambric v. Department of Public Welfare*, 68 Pa. Commonwealth Ct. 450, 449 A.2d 806 (1982).

[4] Section 432(3)(i)(C) of the Act requires that "[t]he department ·shall determine eligibility within thirty days of the date of application."

are met, but no longer than ninety days. When documentation is provided which verifies that the handicap exists, the client will be deregistered with OES and will have his status changed to chronically needy. When such client is determined to be chronically needy, he shall be considered to have received assistance as a chronically needy recipient from the date of the initial authorization.

Petitioner concedes that under this Section the CBA properly terminated his transitionally needy benefits after ninety days because of his failure to provide medical documentation of his handicap. He argues, however, that once he finally submitted such documentation at the departmental hearing, this section requires that he be given chronically needy benefits retroactive to April 12, 1983, the date of the initial authorization. The section does provide that a client who has documented his disability and has been reclassified as chronically needy "shall be considered to have received assistance as a chronically needy recipient from the date of the initial authorization." This provision, however, does not authorize *additional* assistance, but rather attempts to characterize the assistance *which has already been received.* The provision requires only that, in such situations, benefits which have already been received under the transitionally needy status should be considered as having been received under the chronically needy status. The determination of the status under which prior assistance has been received becomes relevant in determining future benefits, in view of the limitations placed upon transitionally needy assistance.[5]

---

[5] Section 432(3)(iii) of the Act, 62 P.S. §432(3)(iii), provides that assistance for transitionally needy persons shall be authorized only once in any twelve month period in an amount not to exceed the amount of ninety days' assistance. Thus, if for example, a

The regulation in question provides a reasonable procedure whereby an applicant who cannot comply with the time requirements of the Act is given up to ninety days of general assistance benefits pending his eventual compliance. To grant additional retroactive benefits for a delay in compliance *beyond* this ninety day period is contrary to the plain language of the regulation and is clearly unauthorized.[6] Thus, the action of the CBA in terminating Petitioner's benefits shortly after the ninety day period was correct and was properly upheld, regardless of the documentation which might have been submitted to the CBA or the Hearing Examiner *after* the termination date. Should such subsequent documentation verify Petitioner's medical handicap to the satisfaction of the CBA, he shall, under the regulation, be considered to have received his previous benefits as a chronically needy, rather than a transitionally needy, recipient.

---

chronically needy person becomes ineligible for chronically needy benefits within a twelve month period, his eligibility for *transitionally* needy benefits would depend on whether his assistance within the previous twelve months could be considered to have been received as chronically needy assistance rather than transitionally needy assistance.

[6] In support of his position Petitioner also cites the Board's decision in *Appeal of Eisenhart*, (No. 64359, filed September 12, 1983), in which the Board granted retroactive benefits to a claimant who documented her disability four months after the ninety day period had run. In addition to the fact that *Eisenhart* is of no precedential value before this Court, we note that it is factually distinguishable. The petitioner in *Eisenhart* was a mentally incapacitated person who had been receiving continuous general assistance benefits, and her mental condition prevented her from providing timely documentation of her disability. In contrast, the Petitioner in the present case had reapplied for general assistance which had been previously terminated, and had no incapacity which would have prevented him from establishing his disability in a timely manner. To the extent that the two cases are not distinguishable, we expressly decline to adopt the holding in *Eisenhart*.

Accordingly, we affirm the order of the Department of Public Welfare affirming the decision of the County Board of Assistance.

### ORDER

Now, July 17, 1985, the decision and order of the Department of Public Welfare, No. 57266, dated April 16, 1984, is hereby affirmed.