**Ryan BAGWELL, Petitioner**

v.

**PENNSYLVANIA DEPARTMENT OF EDUCATION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 19, 2013.

Decided July 19, 2013.

Joshua D. Bonn, Harrisburg, for petitioner.

Delene R. Lantz–Johnson, Deputy General Counsel, Harrisburg, for respondent.

BEFORE: PELLEGRINI, President Judge, McGINLEY, Judge, LEADBETTER, Judge, COHN JUBELIRER, Judge, SIMPSON, Judge, McCULLOUGH, Judge, and COVEY, Judge.

OPINION BY Judge SIMPSON.

This is a Right–to–Know Law (RTKL)[1] appeal from a final determination of the Office of Open Records (OOR) that dismissed an appeal on jurisdictional grounds. Ryan Bagwell (Requester) sought records from the Pennsylvania Department of Education (Department), specifically the Secretary of Education (Secretary) in his capacity as an *ex officio*[2] member of the Pennsylvania State University (PSU) Board of Trustees (Board). Although the request did not expressly refer to the Sandusky scandal, the time frame implicates such records. After initially responding to Requester on the merits, the Department claimed the appeal to OOR should be dismissed for lack of jurisdiction over PSU records.

OOR reasoned it lacked jurisdiction over the appeal because the request sought records of PSU, which is not a defined agency under the RTKL. Requester contends jurisdiction was proper because he made the request to the Department, a Commonwealth agency. He also argues the records are not exempt. Both parties ask this Court to address the exemptions, although OOR did not reach them. Because OOR had jurisdiction, we reverse and remand for further proceedings as to the applicability of the asserted exemptions.

## I. Background

Requester sought records from the Department, specifically "copies of letters, emails, reports and memorand[a] received by Secretary of Education Ronald J. Tomalis that were: (1) received by Secretary Tomalis in April, May, June and July of 2012; (2) sent to Secretary Tomalis during his official capacity as a member of [PSU]'s Board of Trustees; and, (3) sent by any of the below-mentioned individuals who are associated with [PSU]...." Reproduced Record (R.R.) at 1a–2a (Request). The 38 people identified in the Request are current or former members of the Board, employees of the Board, prior counsel to the Board, a former PSU President, and a spokesperson for the Board.

The Department denied the Request in part on the following grounds: attorney-client and attorney work-product privileges; the Predecisional Deliberative exception in Section 708(b)(10) of the RTKL,

---

1. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

2. *"Ex officio"* means "[b]y virtue or because of an office; by virtue of the authority implied by the office." BLACK'S LAW DICTIONARY 597 (7th ed. 1999).

65 P.S. § 67.708(b)(10); the Noncriminal Investigative exception in Section 708(b)(17) of the RTKL, 65 P.S. § 67.708(b)(17); and, the Personal Information exception at Section 708(b)(6) of the RTKL, 65 P.S. § 67.708(b)(6). The Department provided some responsive records and additional records in redacted form. Significantly, the Department did not challenge whether the records were "of" the Department or contest possession of the records.

Requester appealed to OOR, asserting the Department did not describe the records it withheld. Requester also argued the Department did not explain how the asserted exemptions applied.

The Department submitted a letter memorandum outlining its legal basis for withholding the records. The Department also represented that the only records responsive to the Request are from either a PSU Board member or Board staff. *See* Department Letter, 8/23/12, (Letter), R.R. at 19a–23a. Counsel signed the Letter below the following statement: "Under penalty of perjury, I swear that the facts set forth herein are true and correct to the best of my knowledge, information and belief." R.R. at 23a. The Department explained the Secretary was the co-chairman of the Board's Special Investigations Task Force (Task Force), created to investigate the allegations underlying the Sandusky scandal. For the first time, in response to Requester's appeal, the Department claimed the records requested are not Department records under the RTKL.

In support of its argument that the records are not "of" the Department, the Department advised it disclosed certain records to Requester before it learned of

OOR's decision in another case involving the Governor, and his capacity as a PSU Board member, *Schackner/The Pittsburgh Post–Gazette v. Office of the Governor*, OOR Dkt. No. AP 2012–0329 (issued Apr. 4, 2012). In *Schackner*, OOR determined that correspondence between PSU and the Governor, in his capacity as a PSU Board member, were not records because PSU is not defined as an agency under the RTKL. The Department explained the only responsive records were communications from Board members or Board staff to another Board member (*i.e.*, the Secretary); therefore, the correspondence were not Department "records" as defined in Section 102 of the RTKL, 65 P.S. § 67.102. Under *Schackner*, the Department argued, OOR should dismiss the appeal.

In the alternative, the Department asserted the records withheld are protected by the Noncriminal Investigative exception, and attorney privileges because they pertain to the Task Force, and the Secretary's role as its co-chairman. The Department also argued the records are protected by the Predecisional Deliberative exception because the Secretary received the communications "as a Board member for purposes of contemplating or proposing policy or courses of action by the Board." *See* Letter at 4; R.R. at 22a. Notably, aside from counsel swearing to the content of the Letter, the Department did not submit any evidence in support of its cited exemptions.

In rebuttal, Requester argued the Secretary is part of a Commonwealth agency, and serves on the Board *ex officio* on behalf of the Department.[3] Therefore, the records qualify as records of an "agency" as defined by the RTKL, and OOR should

---

**3.** *See, e.g., McCord v. Pa. Gaming Control Bd.,* 9 A.3d 1216, 1219 (Pa.Cmwlth.2010) (explaining Treasurer serving in *ex officio* capacity on the Pennsylvania Gaming Control Board "is a Commonwealth official acting on behalf of the Commonwealth.").

review the merits. Requester also asked OOR to undertake *in camera* review of responsive records in accordance with OOR's Interim Appeals Guidelines posted on its website.

■ OOR issued its final determination dismissing the appeal based on its prior decision in *Schackner*. OOR did not explain its reasoning beyond its statement that PSU is not an agency subject to the RTKL; thus, its records are outside the scope of the RTKL. Requester appealed to this Court, challenging the dismissal and asserting the public nature of the records.[4]

## II. Discussion

Procedurally, Requester challenges the sufficiency of the Department's representations in its partial denial. Requester asserts the Department did not comply with Section 903 of the RTKL, 65 P.S. § 67.903, in describing responsive records or the exemptions. In addition, Requester claims the Department waived any jurisdictional argument because it responded to the Request on the merits, and did not raise jurisdiction in its initial response.

Substantively, Requester argues the records are "of" an agency because the correspondence at issue was sent to the Secretary in his official capacity as an *ex officio* PSU Board member. He contends the Secretary holds a position as a member of the PSU Board as a means of the Department overseeing PSU as one of the state-related institutions it regulates. As a consequence, the records evidence the Department's oversight and knowledge of PSU activities. Further, OOR erred in holding the appeal was not within its jurisdiction because the records at issue originated with PSU. He also asserts the

records are not protected by any of the exemptions, and the Department did not properly explain or prove any exemption.

Interestingly, the Department changed its theory of the case on appeal to this Court. The Department abandoned its reliance on OOR's reasoning in *Schackner*. Instead, the Department asks us to affirm on alternate grounds, focusing on the substantive exemptions cited in its initial response to Requester. To the extent it addresses the status of the records as "of" PSU in its brief, the Department contends PSU is a third party that lacks rights under the RTKL, and raises a concern that PSU's records may not be entitled to RTKL-based protection.

### A. The Department's Initial Response

■ At the outset, we address Requester's procedural claims. Requester argues that the Department did not comply with Section 903 of the RTKL (regarding denial of a request). Requester asserts the Department's alleged defective response should preclude it from denying access. Requester also contends the Department waived any argument that the records are "of" PSU, and beyond OOR's jurisdiction because it did not allude to that defense in its initial response.

Section 903(2) of the RTKL requires an agency to set forth "specific reasons for the denial, including a citation of supporting legal authority." 65 P.S. § 67.903(2). We acknowledge the Department's partial denial does not adequately describe the responsive records to which the alleged exemptions apply, and it does not correlate exemptions with records. However, the

4. In a RTKL appeal from an OOR final determination involving a Commonwealth agency, this Court "independently reviews the OOR's orders and may substitute its own findings of facts for [those] of the agency." *Bowling v. Office of Open Records*, 990 A.2d 813, 818 (Pa.Cmwlth.2010), *appeal granted in part*, 609 Pa. 265, 15 A.3d 427 (2011).

response specifies exemptions and cites legal authority.

■ Thus, while the partial denial is deficient in describing the exempted records, the denial is sufficient to put Requester on notice of the exemptions at issue. Notice is the essential purpose of the denial. The initial response should enable a requester to make an informed decision regarding appeal. *Carey v. Dep't of Corr.*, 61 A.3d 367 (Pa.Cmwlth.2013); *Saunders v. Dep't of Corr.*, 48 A.3d 540 (Pa.Cmwlth. 2012) (upholding sufficiency of DOC denial). We therefore conclude the Department sufficiently asserted the exemptions under Section 903.

■ As to Requester's waiver claim, we note that the waiver rule enunciated in *Signature Information Solutions, LLC v. Aston Township*, 995 A.2d 510 (Pa. Cmwlth.2010), has been overturned. *See Levy v. Senate of Pa.*, — Pa. —, 65 A.3d 361 (2013) (holding *per se* waiver of defenses not raised in Section 903 denial is inconsistent with the RTKL). An agency is not required to list all defenses in its initial denial at the risk of disclosure. *Id.* Further, challenges to OOR's jurisdiction are properly raised at the administrative appeal level because that is the first level at which OOR's action or inaction could cause aggrievement. *See Court of Common Pleas of Lackawanna Cnty. v. Office of Open Records*, 2 A.3d 810 (Pa.Cmwlth. 2010) (holding OOR exceeded its jurisdiction and violated the separation of powers in deciding a case involving records of a judicial employee).

## B. The Department's Relationship to the Board

■ The current RTKL contains a presumption of openness as to any records in a defined agency's possession. *Bowling v. Office of Open Records*, 990 A.2d 813 (Pa. Cmwlth.2010), *appeal granted in part*, 609

Pa. 265, 15 A.3d 427 (2011). Under the RTKL, records in the possession of a Commonwealth agency are presumed to be public unless they are: (1) exempted by Section 708 of the RTKL; (2) protected by a privilege; or, (3) exempted "under any other Federal or State law or regulation or judicial order or decree." Section 305 of the RTKL, 65 P.S. § 67.305. For a question of law under the RTKL, our scope of review is plenary. *Dep't of Corr. v. Office of Open Records*, 18 A.3d 429 (Pa.Cmwlth. 2011).

The Department is a Commonwealth agency as defined by the RTKL. 65 P.S. § 67.102. A Commonwealth agency bears the burden of proving a record is exempt from disclosure. *Dep't of Transp. v. Office of Open Records (Aris)*, 7 A.3d 329 (Pa. Cmwlth.2010); *see also Jones v. Office of Open Records*, 993 A.2d 339 (Pa.Cmwlth. 2010).

In this case, there is no dispute the records are "in the possession" of the Department through the Secretary. Therefore, we consider whether the appeal came properly within OOR's jurisdiction.

OOR dismissed Requester's appeal because PSU is not an agency subject to the RTKL, and the Request sought records "of" PSU. In so doing, OOR disregarded that the Request sought records from the Department, a Commonwealth agency subject to the RTKL, received pursuant to the Secretary's *ex officio* role as a PSU Board member. Essentially, OOR concluded the PSU Board records are "of" a non-agency over which it exercised no jurisdiction. Implicit in OOR's decision is that a record cannot be both "of" a non-agency, (PSU) and "of" an agency, (the Department) simultaneously. Following that logic, records originating with non-agencies are insulated from public view. We respectfully disagree.

## 1. Records "of" PSU and PSU's status

■ To reach its conclusion that it lacked jurisdiction, OOR did not analyze whether the Secretary in his *ex officio* capacity was performing Department activities. Instead, OOR determined the status of the records as "of" PSU, originating with PSU, precluded its jurisdiction. In so holding, OOR ignored the Department's relationship with PSU.

PSU is a state-related institution subject to Department regulations, 22 Pa.Code §§ 40.21–26. Although an instrumentality of the Commonwealth, a state-related institution, as opposed to a state university within the State System of Higher Education, is only partially controlled by government representatives. *See Pa. State Univ. v. Derry Twp. Sch. Dist.*, 557 Pa. 91, 96–97, 731 A.2d 1272, 1274–75 (1999) (explaining PSU Board is not governmental because government representatives comprise a minority interest). The purpose of departmental regulation is to protect the students and citizens of the Commonwealth. 22 Pa.Code § 31.1. State-related institutions must sign articles of agreement with the Department requiring them to comply with parts of the Pennsylvania Code. 22 Pa.Code § 40.26. To be eligible for state-related status, the Secretary and the Governor must be appointed as *ex officio* Board members. 22 Pa.Code § 40.22.

OOR followed the reasoning from its earlier determination in *Schackner*. In *Schackner*, the requester sought correspondence sent to the Governor in his capacity as Governor, and in his capacity as a PSU Board member. Like the Secretary here, the Governor is statutorily required to serve as a PSU Board member by virtue of his office. In other words, his service as a PSU Board member is inseparable from his role as Governor because he holds the membership solely because he is Governor.

In *Schackner*, based on the significant evidence of record, OOR reasoned the records were either not responsive to the request or were not subject to the RTKL. In its final determination, OOR did not discuss whether the Governor served as an *ex officio* PSU Board member while simultaneously serving as Governor.

Significantly, without analyzing the statutory provisions requiring the Governor to serve on the PSU Board, OOR stated the documents are not "records" as defined by the RTKL, because "PSU is is [sic] excluded from the definition of an 'agency' under 65 P.S. § 67.102." *Schackner*, slip op. at 10 (relying on *Lavigne v. PSU Police*, OOR Dkt. No. AP 2011–1470, 2011 WL 6359476 (issued Dec. 8, 2011); citing *Roy v. Pa. State Univ.*, 130 Pa.Cmwlth. 468, 568 A.2d 751 (1990) (holding PSU not subject to prior RTKL)). OOR continued, "as the only records responsive to the [r]equest are between an employee of PSU and Governor Corbett, in his capacity as PSU Trustee, the appeal must be dismissed." *Id.*

■ We are not bound by OOR's holding in *Schackner* as "decisions of administrative boards or tribunals have no precedential value on this Court." *See Scott v. Del. Valley Reg'l Planning Comm'n*, 56 A.3d 40, 44 (Pa.Cmwlth.2012) (citing *Bell Atlantic–Pa., Inc. v. Pa. Pub. Util. Comm'n*, 672 A.2d 352 (Pa.Cmwlth.1995); *Sheets v. Dep't of Pub. Welfare*, 90 Pa. Cmwlth. 436, 496 A.2d 65 (1985)). Moreover, we disapprove of OOR's reasoning in that case.

Our case law belies OOR's predicate assumption that records "of" PSU are insulated from review because PSU is not an agency under the RTKL. *See Pa. State Univ. v. State Emp. Ret. Bd. (SERB)*, 594 Pa. 244, 935 A.2d 530 (2007) (holding PSU

employee records are not insulated from the RTKL simply because it is not a covered agency; salaries of PSU employees are public records). Statutory connections between Commonwealth agencies and PSU may confer grounds for reaching records of PSU. For example, by statute, PSU employees are defined as state employees. *See* 71 Pa.C.S. § 5102. Thus, certain records "of" PSU employees are subject to the RTKL because the information was in possession of a state agency, the State Employees' Retirement Board. Similarly, in this case, the records of PSU may be reached through the connection between the Department and PSU.

While not an agency under the RTKL, PSU's Board is a defined agency[5] under the Sunshine Act, 65 Pa.C.S. §§ 701–716, and is thus subject to open meetings requirements. State-related institutions are also subject to reporting requirements (relating primarily to financial information) pursuant to Chapter 15 of the RTKL.

That the PSU Board is not an agency does not determine the outcome in this case. This is because both parties to correspondence do not have to be agencies. Rather, only one party needs to be an agency to lead to RTKL disclosure. Therefore, the relevant inquiry is whether the recipient, the Secretary of Education, when acting as a PSU Board member, is acting on behalf of a Commonwealth agency. Accordingly, we consider whether records that are sent from the PSU Board

members or staff to the Secretary, in his capacity as an *ex officio* member of the Board, qualify as records of an "agency" as defined by the RTKL.

We begin with assessing the role of the Secretary on PSU's Board and the relationship between the Department and PSU. The Secretary acts as a surrogate for the Department. When performing statutorily imposed duties, the Secretary must act at all times as the Secretary of the Department, and thus is acting in a governmental capacity. Notably,

> When a provision of [Part 1 of Title 22 (Education of the Pa. Code)] confers powers on or imposes duties upon the Department which under a statute may be exercised by or imposed only on the Secretary of Education, the reference to the Department shall be construed to mean the Department acting by and through the Secretary of Education personally.

22 Pa.Code § 1.1. In essence, references to the Secretary are to be construed as references to the Department. *Id.*

The Secretary is statutorily required to serve on the PSU Board by assuming the duties of the State Superintendent of Public Instruction. Section 1 of the Act of March 24, 1905, P.L. 50, *as amended,* 24 P.S. § 2536; *see also* Section 1 of the Act of July 23, 1969, P.L. 181 (the Act), *as amended,* 71 P.S. § 1037 (whereby all functions of the Department of Public Instruction were transferred to the Depart-

---

5. The Sunshine Act defines "agency" in pertinent part as:

**The body, and all committees thereof authorized by the body to take official action or render advice on matters of agency business, of all the following: ... the boards of trustees of all State-related universities and all community colleges or similar organizations created by or pursuant to a statute which declares in substance that the organization performs or has for its purpose the**

performance of an essential governmental function and through the joint action of its members exercises governmental authority and takes official action.

65 Pa.C.S. § 703 (emphasis added); *see also Lee Publ'ns, Inc. v. Dickinson Sch. of Law,* 848 A.2d 178, 190 (Pa.Cmwlth.2004) (Smith-Ribner, J., dissenting) (reasoning a committee of PSU's Board of Trustees should be subject to public scrutiny similar to the entire Board).

ment); Section 2 of the Act, 71 P.S. § 1038 (stating "the Superintendent of Public Instruction shall *ex officio* be the Secretary of Education"). Five PSU trustees serve in an *ex officio* capacity by virtue of their position within PSU or the Commonwealth, including the Governor and the Secretary.

PSU explains the historical purpose behind appointing the Secretary to its Board on its website as follows:

> **In an effort to build a broad base of support for the institution,** the Trustees decided that their number should be more representative of the groups served by [PSU].... In 1875, they obtained approval ... to amend the charter to provide for twenty-three Trustees. **The change increased state influence**.... The number of *ex officio* Trustees was increased to eight: the governor, the secretary of the Commonwealth, the **state superintendent of public instruction,** the secretary of the Department of Internal Affairs, the adjutant general, the secretary of the Philadelphia-based Franklin Institute, the president of the state agricultural society, and the college president.

*See Board of Trustees History, available at* http:///www.psu.edu/trustees/timeline/index.html (last visited July 1, 2013) (emphasis added). Thus, the purpose of the Secretary's *ex officio* membership on the Board is to build support for the institution and to increase state influence. *Id.* Both PSU and the Commonwealth benefit. Stated differently, the purpose of departmental regulation of PSU and all state-related institutions is to protect students and citizens of the Commonwealth. *See* 22 Pa.Code § 31.1.

 This Court recognizes that the capacity in which government officials act is relevant to whether records may be reached under the RTKL. *See Parsons v. Pa. Higher Educ. Assistance Agency,* 910 A.2d 177 (Pa.Cmwlth.2006) (*PHEAA*) (legislator board members act on behalf of an agency, not legislative body, depending on function). Our decision in *PHEAA* illustrates that records may be "of" a person or entity that is not subject to the RTKL, and yet be accessible under the RTKL because they document agency activities. *Id.*

In *PHEAA,* the agency held requested expense vouchers did not qualify as "public records" under the definition in the prior RTKL because the PHEAA Board was partially comprised of legislators. On appeal to this Court, the agency argued that records regarding activities of its legislator board members were legislative records, and therefore were beyond the reach of the prior RTKL. This Court disagreed. Records of legislators who were also PHEAA board members were accessible under the prior RTKL because the records were sought from an agency (PHEAA), and pertained to the legislators' activities as board members of that agency. That the records were records "of" legislators at the same time that they were records "of" PHEAA did not permit the legislators to insulate them from the RTKL. *Id.* Access depended on which role the legislator served.

Similarly, in *Mollick v. Township of Worcester,* 32 A.3d 859 (Pa.Cmwlth.2011), we considered the capacity in which an individual acted in assessing whether the record documented an agency activity. We reasoned that records on personal computers of township supervisors may qualify as records of an agency when they were received by the supervisors in their official, as opposed to private individual, capacity. *Id.* (reasoning township supervisors sent and received emails in question in their capacity of acting on behalf of the

township, such that emails on personal computers may be records "of" the township).

Here, there is no allegation that the Secretary is serving in his individual capacity on the PSU Board. Indeed, during oral argument Department's counsel agreed the Secretary acted on behalf of the Commonwealth while serving on PSU's Board, and she acknowledged the Secretary was a "state actor" serving the Commonwealth's interests.

By contrast, in *Office of the Governor v. Bari,* 20 A.3d 634 (Pa.Cmwlth.2011), the requester sought minutes of a private nonprofit corporation. OOR determined a designation of a board member by the Governor transformed a non-agency affiliated individual into an agent of the Governor while serving on the nonprofit board. This Court disagreed. We held a Governor-appointed board membership does not create a sufficient governmental nexus between an agency and a private board to reach board's records.

It is useful to compare the appointment circumstances in this case with those in *Bari.* The designees on the board for the nonprofit corporation in *Bari* were not statutorily required to be designated; instead, the designation was at the option of the corporation. Moreover, neither the bylaws nor the articles of the corporation of the nonprofit required designation of a mayoral or gubernatorial representative. The appointment by the Governor, therefore, was the only agency connection, peripheral at best.

Here, OOR has jurisdiction because the Request is directed to a Commonwealth agency, which admittedly possesses the records. Also, the Board membership by the Secretary is required by statute.

■■■ The non-agency status of the creator or sender of records does not pre-

clude their public status. *See Dep't of Envtl. Prot. v. Cole,* 52 A.3d 541 (Pa. Cmwlth.2012) (rebate applications submitted by homeowners and small business owners are public); *Easton Area Sch. Dist. v. Baxter,* 35 A.3d 1259 (Pa.Cmwlth.), *appeal denied,* —— Pa. ——, 54 A.3d 350 (2012) (requiring disclosure of emails of individual public officials as records of agency). Private persons and entities may create correspondence and send it to an agency, thereby potentially making it a record of the agency. OOR therefore erred in dismissing the appeal.

We now turn to whether the requested information falls under the RTKL definition of "record."

## 2. "Records" received by the Secretary

OOR reasoned that correspondence between PSU and the Department are not "records" as defined in the RTKL because PSU is excluded from the RTKL definition of "agency." Thus, OOR placed a narrow emphasis on the record's creator. The definition of "record," however, is not so narrow. The RTKL defines "records" in pertinent part as follows:

> Information, regardless of physical form or characteristics, that **documents a transaction or activity of an agency and** that is created, **received** or retained pursuant to law or **in connection with** a transaction, business or **activity of the agency.**

65 P.S. § 67.102 (emphasis added).

The Secretary's receipt, on the Department's behalf, of information from PSU through his service as an *ex officio* Board member qualifies the information as "received" by an agency. Nevertheless, we must also consider whether the record is "of" an agency and the purpose of the record.

▮ The preposition "of" indicates a record's "origin, its owner or possessor, or its creator." *Bari*, 20 A.3d at 643. However, for records to be "of" an agency, they do not need to originate with or be created by that agency. *Dep't of Admin. Servs./ASCI v. Parsons/WTAE–TV*, 13 A.3d 1025, 1034–35 (Pa.Cmwlth.2011) (*en banc*) (*ASCI I*). Here, the records are in the Department's possession. The records were received by the Secretary pursuant to the Department's role of supporting and influencing education at the state-related institution. Accordingly, the "of" an agency criterion is met.

Further, the submissions to the Secretary as a PSU Board member "document" the Department's participation on PSU's Board. This Court consistently construes "documents" when used as a verb in the definition of "record" to mean "proves, supports, [or] evidences." *Bari*, 20 A.3d at 641; *see also ASCI I*. The Secretary only has a place on PSU's Board because he represents the Department. The records he receives to enable him to perform his *ex officio* duties thus evidence the Department's governmental function of representing the Commonwealth's education interests on the Board.

### C. Substantive Exemptions

▮ The Department asks this Court to affirm OOR on alternative grounds and consider the substantive exemptions on their merit. However, jurisdiction was proper before OOR, and OOR has yet to rule on the merits of the substantive exemptions.

Given the limited record developed below, we decline to exercise our authority to independently review it. More evidence may be necessary to assess the exemptions. Also, our review would be particularly challenging because the existing record does not identify or describe the responsive records.[6] Further, allowing OOR to make an initial decision on the exemptions allows for a more developed analysis of the important issues.

In particular, the Department raised a concern that PSU did not participate below, or submit evidence to support potentially applicable exemptions. We recognize the necessity of protecting rights of third parties because the RTKL lacks a mechanism for providing notice and ensuring full participation. *Levy*, —— Pa. at ——, 65 A.3d at 382. From our review of the record, it is unclear whether PSU had an opportunity to participate in the OOR proceedings.

▮ We may remand to ensure development of a fuller record, expanded if necessary to include submissions from interested third parties. *See, e.g., Bari*, 20 A.3d at 648 (stating OOR should not rely on an agency's insufficient proof, and should "take all necessary precautions, such as conducting a hearing or performing *in camera* review, before providing access"); *see also Harrisburg Area Cmty. Coll. (HACC) v. Office of Open Records*, (Pa.Cmwlth., No. 2110 C.D.2009, filed May 17, 2011), 2011 WL 10858088 (unreported) (*en banc*) (same).

Accordingly, we reverse and remand to OOR. Because we treat OOR as the factfinder in the first instance, we leave to the thoughtful discretion of OOR to determine what defenses to disclosure are properly before it, whether to allow more evidence, who may participate, and what time frame

---

6. The Department counsel signed the Letter submitted to OOR "under penalty of perjury." However, nowhere in the Letter did the Department identify the records. This is in contrast to the submissions to OOR in *Schackner*, in which the agency submitted a detailed affidavit and indices of responsive records.

is appropriate for disposition, consistent with the goals set forth in Section 1102(b)(3) of the RTKL, 65 P.S. § 67.1102(b)(3) (appeals officer shall rule on procedural matters on the basis of justice, fairness, and expeditious resolution).

### III. Conclusion

OOR fell into error by dismissing the appeal for lack of jurisdiction. Pursuant to a statutory requirement, the Secretary serves on behalf of the Department when serving on the PSU Board. Thus, the records the Secretary receives as a Board member are received by the Department pursuant to its statutory function as supporter and influencer of education at state-related institutions. Because the records are received by a Commonwealth agency to enable it to perform its statutory governmental function, they qualify as "records" under the RTKL.

Therefore, we reverse the dismissal, and remand to OOR for further proceedings consistent with this opinion.

Judge LEADBETTER dissents.

### ORDER

AND NOW, this 19th day of July, 2013, after determining that jurisdiction was proper, the order of the Office of Open Records is REVERSED, and the case is REMANDED to the Office of Open Records to enable further development of the record as it deems necessary, for consideration of the substantive exemptions in accordance with this opinion.