# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | I.D. Nos.    1710002527 |
| | ) | 1711005813 |
| DARIUS DENNIS, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: June 13, 2018
Decided: July 5, 2018

*Upon Defendant's Motion to File Out of Time*
**DENIED**

## ORDER

Upon consideration of the motion to file out of time filed by Defendant Darius Dennis ("Defendant"); the opposition thereto filed by the State; the Superior Court Rules of Criminal Procedure; the facts, arguments, and legal authorities set forth by the parties; and the entire record in this case, the Court hereby finds as follows:

1.     On October 16, 2017, Defendant was indicted, along with several other co-defendants, on a charge of Gang Participation. On December 18, 2017, Defendant was re-indicted on three counts in a 25 count, multiple defendant indictment. Defendant is charged with Gang Participation, Drug Dealing, and Aggravated Possession.

2.      As of this date, only three defendants remain in this case: Deja Warner, Damon Owens, and Defendant.[1] On the charge of Gang Participation, Defendant is indicted together with Defendants Warner and Owens. Defendant is individually indicted on the charges of Drug Dealing and Aggravated Possession.

3.      The Court issued a scheduling order in this case on February 22, 2018. The scheduling order set May 1, 2018 as the motions deadline for all defendants.

4.      On June 4, 2018, Counsel for Defendant filed a motion to file out of time. Counsel for Defendant state that they "became aware of significant constitutional issues that need to be raised," but do not otherwise specify the grounds for filing a motion to file out of time. Counsel for Defendant simultaneously filed a motion to sever, seeking severance of the Gang Participation charge from the Drug Dealing and Aggravated Possession charges, and seeking severance from the remaining co-defendants.

5.      The State opposes Defendant's motion to file out of time. According to the State, Defendant received all relevant discovery well before the motions deadline, and has not otherwise established that there is a reason for failing to file the motion to sever within the motions deadline. The State also challenges the merits of Defendant's motion to sever.

---

[1] The State represents that Defendant Deja Warner is scheduled to resolve her case in the week of July 9, 2018.

6.     Superior Court Rule of Criminal Procedure 12(c) provides that the Court may "set a time for the making of pretrial motions or requests."[2] This Court "has broad discretion to enforce its rules of procedure and pre-trial orders."[3] In the context of a motion to suppress, this Court held that it will not consider untimely motions "unless the defendant provides the court with evidence of 'exceptional circumstances' to justify the late filing."[4] "Exceptional circumstances exist when there are circumstances that warrant the Court's consideration of the untimely motion, and those circumstances 'outweigh the countervailing interest in ensuring the timely and orderly processing of the Superior Court's criminal docket.'"[5]

7.     Counsel for Defendant have not established that exceptional circumstances exist to justify filing a motion to sever out of time. All of the facts and arguments presented in Defendant's motion to sever were known prior to the motions deadline of May 1, 2018. Counsel for Defendant have not shown they received late discovery since the motions deadline, or that there have since been decisions of this or any other court having bearing on the issues in the motion to sever. In other words, Counsel for Defendant have not provided any reason why the

---

[2] Super. Ct. Crim. R. 12(c).
[3] *State v. Ayers*, 2014 WL 606562, at *2 (Del. Super. Jan. 24, 2014) (citing *Carney v. State*, 931 A.2d 436, 2007 WL 2254543, at *2 (Del. 2007) (Table)).
[4] *Id.*
[5] *Id.* (citing *Miller v. State*, 3 A.3d 1098, 2010 WL 3328004, at *3 (Del. 2010) (Table)).

3

motion to sever could not have been filed prior to the motions deadline of May 1, 2018.

8.     Moreover, consistent with Delaware Supreme Court jurisprudence, it is unlikely that Defendant's motion to sever would succeed on the merits.[6]

9.     Accordingly, Defendant's motion to file out of time shall be denied.

**NOW, THEREFORE, this 5th day of July, 2018, Defendant's Motion to File Out of Time is hereby DENIED.**

**IT IS SO ORDERED.**

_____
The Honorable Andrea L. Rocanelli

---

[6] *See, e.g., Otis Phillips v. State*, 154 A.3d 1130 (Del. 2017); *Jeffrey Phillips v. State*, 154 A.3d 1146 (Del. 2017); *Taylor v. State*, 76 A.3d 91 (Del. 2013).

4