John SCOTT, Petitioner

v.

### DELAWARE VALLEY REGIONAL PLANNING COMMISSION, Respondent

Delaware Valley Regional Planning Commission, Petitioner

v.

John Scott, Respondent.

Commonwealth Court of Pennsylvania.

Argued May 16, 2012.

Decided Oct. 3, 2012.

---

11. Based on the outcome of our decision, we need not address the Bank's other arguments.

Jonathan P. Newcomb, Philadelphia, for designated petitioner John Scott.

Andrew T. Bockis, Harrisburg, for designated respondent Delaware Valley Regional Planning Commission.

BEFORE: PELLEGRINI, President Judge, and McGINLEY, Judge, and COHN JUBELIRER, Judge, and SIMPSON, Judge, and LEAVITT, Judge, and McCULLOUGH, Judge and COVEY, Judge.

OPINION BY Judge McGINLEY.

John Scott (Scott) challenges the order of the Office of Open Records (OOR) which affirmed in part and denied in part Scott's request for access to certain records of the Delaware Valley Regional Planning Commission (DVRPC). The OOR provided Scott with access to eight of the thirty-eight records he requested.

The DVRPC also appeals and asserts that the OOR erred when it determined it had jurisdiction over the DVRPC.[1]

## I. Background.

On April 1, 2011, Scott requested certain email records from the DVRPC. He sought all email records in the possession of the DVRPC which were sent to or from certain email addresses.

On April 4, 2011, DVRPC denied the entire request as overly broad and claimed that all of the records were exempt as predecisional deliberations under Section 708(b)(10) of the Right to Know Law (Law),[2] 65 P.S. § 67.708(b)(10).

On April 11, 2011, Scott appealed to the OOR and challenged the legitimacy of the claimed exemption. In accordance with Section IV(D) of the OOR Interim Guidelines, the OOR directed the DVRPC to provide all records for an in camera inspection. On June 9, 2011, the DVRPC identified thirty-eight withheld records through an In Camera Inspection Index, and provided a notarized affidavit regarding the truthfulness of the provided records. The DVRPC provided Scott with a copy of the Index. On June 9, 2011, Scott

---

1. The two appeals were consolidated.

2. Act of February 14, 2008, P.L. 6. Under section 708(b)(10) of the Law, 65 P.S. § 67.708(b)(10), the following records are exempt from the Law:

   (10)(i) A record reflects:
   (A) the internal, predecisional deliberations of an agency, its members, employees or officials or predecisional deliberations between agency members, employees or officials and members, employees or officials of another agency, including predecisional deliberations relating to a budget recommendation, legislative proposal, legislative amendment, contemplated or proposed policy or course of action or any research, memos or other documents used in the predecisional deliberations.
   (B) The strategy to be used to develop or achieve the successful adoption of a budget, legislative proposal or regulation.
   (ii) Subparagraph (i)(A) shall apply to agencies subject to 65 Pa.C.S. Ch. 7 (relating to open meetings) in a manner consistent with 65 Pa.C.S. Ch. 7. A record which is not otherwise exempt from access under this act and which is presented to a quorum for deliberation in accordance with 65 Pa.C.S. Ch. 7 shall be a public record.
   (iii) This paragraph shall not apply to a written or Internet application or other document that has been submitted to request Commonwealth funds.
   (iv) This paragraph shall not apply to the results of public opinion surveys, polls, focus groups, marketing research or similar effort designed to measure public opinion.

objected to the wording of the DVRPC letter and claimed it misinterpreted OOR's request for more information. Scott requested a hearing. On June 16, 2011, the OOR provided a certificate of nondisclosure to the DVRPC and sought additional information regarding the asserted exemption. On June 23, 2011, the DVRPC submitted an additional affidavit and an accompanying index identifying the senders, recipients, and the affiliations of individuals. On June 28, 2011, the OOR denied the request for a hearing.

In its final determination, the OOR granted Scott's appeal in part and denied it in part. The OOR determined:

> While the issue of whether the Commission [DVRPC] should be considered an agency, is a jurisdictional question, the OOR has previously determined that the Commission is an [sic] Commonwealth agency subject to the RTKL [Law] in *Iverson v. DVRPC* .... As such, the OOR need not address the Commission's assertions regarding its status as a non-agency here.
>
> . . . .
>
> The RTKL [Law] provides that records reflecting the 'internal, predecisional deliberations' of an agency may be withheld from public access.... In order for this exemption to apply, three elements must be satisfied: 1) the deliberations reflected are 'internal' to the agency; 2) the deliberations reflected are predecisional, i.e., before a decision on an action; and 3) the contents are deliberative in character, i.e., pertaining to proposed action....
>
> In the present case, the OOR conducted an *in camera* review of all withheld records. Based on a review of the materials provided, the Commission [DVRPC] did not establish that Records 1, 3, and 4 are 'internal' to the Commission [DVRPC]. Because the OOR finds that

those records are not internal, they must be available for public access. The OOR finds that the remaining records are internal to the Commission [DVRPC].

> The following records, however, do not meet either of the remaining two elements: Records 17, 18, 25, and 27. As a result, the OOR finds that these records are subject to public access in their entirety. Additionally, the OOR finds that the portion of Record 34 sent by Richard Weidner is subject to public access but that the remainder may be redacted pursuant to 65 P.S. § 67.706.
>
> As an *in camera* review of the remaining records reveals that each of these records meet all three elements as required by 65 P.S. § 67.708(b)(10). As a result, the OOR finds that the Commission has established that the remaining records may be withheld from public access.

Final Determination, July 20, 2011, at 5–6; Reproduced Record (R.R.) at 82a–84a.

Both parties appealed to this Court.

## II. Issues.

Scott contends that the OOR erred when it found communications to and from unpaid volunteer citizens of the DVRPC Regional Citizen's Committee (RCC), a group specifically designed to measure public input, exempt from disclosure under Section 708(b)(10) of the Law, 65 P.S. § 67.708(b)(10), as internal, pre-decisional deliberations, even though Section 708(b)(10) does not apply to communications with members that are not internal to the agency and Section 708(b)(10)(iv) specifically states that Section 708(b)(10) does not apply to groups designed to measure public input.

The DVRPC contends that it is not a Commonwealth agency and, consequently,

is not subject to the Law. Alternatively, the DVRPC contends that if the Law applied to it, the OOR correctly determined that the records subject to Scott's petition were internal pursuant to Section 708(b)(10) of the Law.[3]

### III. DVRPC's Challenge.

This Court will address DVRPC's appeal first.

### A. Collateral Estoppel.

■ Initially, Scott argues that DVRPC should be collaterally estopped from arguing that it is not subject to the Law because the issue of subject matter jurisdiction was raised and fully litigated in the OOR's decision in *Iverson v. Delaware Valley Regional Planning Commission,* AP 2011–0572, 2011 WL 3020631 (Pa.Off. Open Rec. Filed July 19, 2011), and the DVRPC did not appeal *Iverson* to this Court when it had the opportunity to do so.

Scott is correct that the OOR determined in *Iverson* that the DVRPC was an independent agency and that an independent agency was a "commonwealth agency" as defined in Section 102 of the Law, 65 P.S. § 67.102. Scott is also correct that DVRPC did not appeal *Iverson* to this Court.

As a result, Scott argues that DVRPC was collaterally estopped from challenging whether the OOR had subject matter jurisdiction in the present matter because it did not appeal *Iverson.*

In *Weney v. Workers' Compensation Appeal Board (Mac Sprinkler Systems, Inc.),* 960 A.2d 949 (Pa.Cmwlth.2008), *appeal denied,* 601 Pa. 691, 971 A.2d 494 (2009), this Court recounted the criteria necessary to establish res judicata and collateral estoppel:

> Initially, *we note that technical res judicata and collateral estoppel are both encompassed within the parent doctrine of res judicata, which 'prevents the relitigation of claims and issues in subsequent proceedings.'* 'prevents the relitigation of claims and issues in subsequent proceedings.' *Henion* [*v. Workers' Compensation Appeal Board (Firpo & Sons, Inc.)* ], 776 A.2d [362] at 365 [ (Pa.Cmwlth.2001) ].
>
> Under the doctrine of technical res judicata, often referred to as claim preclusion, 'when a final judgment on the merits exists, a future suit between the parties on the same cause of action is precluded.' *Id.* In order for technical res judicata to apply, there must be: '(1) identity of the thing sued upon or for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued.' *Id.* at 366. Technical res judicata may be applied to bar 'claims that were actually litigated as well as those matters that *should have been litigated.' Id.* .... *'Generally, causes of action are identical when the subject matter and the ultimate issues are the same in both the old and the new proceedings.' Id.*
>
> The doctrine of collateral estoppel often referred to as issue preclusion, 'is designed to prevent relitigation of an issue in a later action, despite the fact that the later action is based on a cause of action

---

3. A reviewing court in its appellate jurisdiction independently reviews the OOR's orders and may substitute its own findings for that of the agency. *Bowling v. Office of Open Records,* 990 A.2d 813, 818 (Pa.Cmwlth.2010), *petition for allowance of appeal granted,* 609 Pa. 265, 15 A.3d 427 (2011). In reviewing a final determination of the OOR, a decision of the reviewing court shall contain findings and conclusions based on the evidence as a whole. Section 1301(a) of the Law, 65 P.S. § 67.1301(a).

different from the one previously litigated.' *Pucci v. Workers' Compensation Appeal Board (Woodville State Hosp.)*, 707 A.2d 646, 647–48 (Pa.Cmwlth.1998). Collateral estoppel applies where:

■ the issue decided in the prior case is identical to the one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the doctrine is asserted was a party or in privity with the party in the prior case and had a full and fair opportunity to litigate the issue; and (4) the determination in the prior proceeding was essential to the judgment. *Id.* at 648.

*Weney*, 960 A.2d at 954 (emphasis in original and added).

■ If *Iverson* had been a decision of this Court, then this Court might be persuaded by Scott's argument. However, decisions of administrative boards or tribunals have no precedential value on this Court. *See Bell Atlantic–Pennsylvania, Inc. v. Pennsylvania Public Utility Commission*, 672 A.2d 352 (Pa.Cmwlth.1995); *Sheets v. Department of Public Welfare*, 90 Pa.Cmwlth. 436, 496 A.2d 65 (1985). Consequently, this Court rejects Scott's collateral estoppel argument because this Court is not bound by the OOR's decision in *Iverson*.[4]

### B. Merits of DVRPC's Challenge.

#### 1. Background of DVRPC.

■ Turning to the merits of the DVRPC's argument, it is necessary to examine the structure and purpose of the DVRPC. The DVRPC is a metropolitan planning organization authorized by the United States Congress to cooperate with state and public transportation operators to develop long-range transportation plans and transportation improvement plans in metropolitan areas. Congress also authorized any two or more states to "enter into agreements or compacts, not in conflict with any law of the United States, for cooperative efforts and mutual assistance in support of activities authorized under this section as the activities pertain to interstate areas and localities within the States...." 23 U.S.C. § 134(f)(1).

In an agreement enacted on June 30, 1965, the Commonwealth of Pennsylvania, the State of New Jersey, the Counties of Bucks, Chester, Delaware, and Montgomery in Pennsylvania, the City of Philadelphia, and the Counties of Burlington, Camden, Gloucester, and Mercer in New Jersey entered into the Delaware Valley Urban Area Compact (Compact).[5] The purpose of the Compact was to provide "continuing, comprehensive, coordinated transportation and regional planning study and process for the Delaware Valley Urban Area." Section 1 of the Compact, 73 P.S. § 701. The commissioners of the DVRPC consist of the Secretary of Transportation of the Commonwealth of Pennsylvania, the Commissioner of Transportation for New Jersey, the Executive Director of the State Planning Board of the Commonwealth of Pennsylvania, the Commissioner of Community Affairs of New Jersey, an appointee of the Governor of Pennsylvania, an appointee of the Governor of New Jersey, two legislators each from Pennsylvania and New Jersey, a

---

4. In *Appeal of Davis*, 165 Pa.Cmwlth. 20, 644 A.2d 220, 222 (1994), this Court stated with respect to collateral estoppel, "In addition to these four traditional elements, when the issue at hand has been decided in two different tribunals, the second tribunal will only be bound by the first tribunal if the two have equivalent subject matter jurisdiction." Clearly, the Office of Open Records is not of equal jurisdiction to this Court.

5. Act of June 30, 1965, P.L. 153, *as amended*, 73 P.S. § 701.

representative from each of the four Pennsylvania counties and four New Jersey counties included in the area, and one representative each from the cities of Philadelphia, Chester, Camden, and Trenton. Section 1, Article II, Section 2 of the Compact, 73 P.S. § 701. The DVRPC has the following duties and responsibilities:

> The commission shall have the responsibility for the needs of the highway and or transportation departments of the signatory parties in order that the states may qualify for all funds available to them from the Federal Government for the construction of highway facilities in the area and meet with the other planning needs of the said departments in the area. The commission shall also have the responsibility of providing for regional planning and the meeting and satisfaction of regional transportation planning requirements in order that the area may qualify for all funds available to it from the Federal Government for the provision of mass transportation facilities and services in the area. The commission shall also have the responsibility for meeting the needs of the Pennsylvania State Planning Board and the New Jersey Department of Community Affairs as required to obtain funds from the Federal Government available for such purposes as well as their other operations. The commission shall cooperate with all other state and local government agencies which have planning needs in the area. The commission shall serve as an advisory agency, with actual authority for carrying out planning proposals continuing to rest in the governing bodies of the states and counties. It shall initiate and develop surveys and plans of a regional nature and assist through coordination and planning programs involving regional matters of the planning bodies of the participants. The commission shall not assume any existing powers or functions of such planning commissions. It shall be the function and duty of the commission to make a master plan and such survey and studies as may be essential thereto for the physical development of the area and submit said plan to the participating governmental bodies. The commission shall encourage and promote the cooperation among all levels of government for the purpose of achieving the greatest possible benefit both economic and cultural for the inhabitants of the Delaware Valley Urban Area.

Section 1, Article III, Section 1 of the Compact, 73 P.S. § 701.

### 2. Is DVRPC a Commonwealth Agency?

The DVRPC argues that it does not meet the definition of a Commonwealth agency in the Law.

Section 301 of the Law, 65 P.S. § 67.301, provides that a commonwealth agency shall provide public records in accordance with the Law. The term "commonwealth agency" is defined as follows in Section 102 of the Law, 65 P.S. § 67.102:

> [a]ny office, department, authority, board, multistate agency or commission of the executive branch, *an independent agency* and a State-affiliated entity. The term includes: (i) The Governor's Office. (ii) The Office of Attorney General, the Department of the Auditor General and the Treasury Department. (iii) An organization established by the Constitution of Pennsylvania, a statute or an executive order *which performs or is intended to perform an essential governmental function.* (2) The term does not include a judicial or legislative agency. (Emphasis added).

The term "independent agency" is defined in Section 102 of the Law, 65 P.S. § 67.102, as "[a]ny board, commission or other agency or officer of the Commonwealth, that is not subject to the policy supervision and control of the Governor. The term does not include a legislative or judicial agency."

In *SAVE, Inc. v. Delaware Valley Regional Planning Commission*, 819 A.2d 1235 (Pa.Cmwlth.2003), this Court addressed the applicability of the prior Right–to–Know Act (Act), to DVRPC.[6] Safety, Agriculture, Villages and Environment, Inc. (SAVE) and its officers requested certain documents belonging to the DVRPC. The DVRPC denied the request. SAVE appealed to this Court. One of the issues addressed was whether the DVRPC was "an agency" under the Act.[7] *SAVE*, 819 A.2d at 1236. This Court stated that an organization performs an essential governmental function only where a statute identified the organization as providing essential services or the organization provided constitutionally mandated services or services that were indisputably necessary to the continued existence of the Commonwealth. *SAVE*, 819 A.2d at 1241. This Court determined that based on the Compact, DVRPC performed its duties in an advisory capacity, so it did not perform essential services. Further, because the services DVRPC provided were neither constitutionally mandated nor necessary for the survival of the Commonwealth, this Court found that it did not perform any essential services. As a result, this Court determined that the DVRPC did not come under the disclosure requirements of the Act. *SAVE*, 819 A.2d at 1242. In *SAVE*, this Court held that DVRPC was an independent agency under the Judicial Code so that this Court could exercise jurisdiction over DVRPC. This Court stated that although DVRPC was an independent agency for purposes of the Judicial Code[8] that was not determinative of whether DVRPC was an agency under the since repealed Act. *SAVE*, 819 A.2d at 1241.

Scott does not make the argument that DVRPC is part of the executive branch but follows the OOR's reasoning in *Iverson* that DVRPC is an independent agency subject to the Law because the Law does not require a governmental entity that performs an essential governmental function to come under the aegis of the Law.

The definitions of "independent agency" in the Judicial Code and in the Law are essentially indistinguishable. However, the term "independent agency" is applied twice in the Law. The first time is in its own definition. The second time the term is included within the definition of a Commonwealth agency. In order to qualify as a Commonwealth agency subject to the

---

6. Act of June 21, 1957, P.L. 390, *as amended,* formerly 65 P.S. §§ 66.1–66.4, repealed by the Act of February 14, 2008, P.L. 6.

7. "An agency" was defined under Section 1(1) of the Act, 65 P.S. § 66.1(1), as "[a]ny department, board or commission of the executive branch of the Commonwealth, any political subdivision of the Commonwealth, the Pennsylvania Turnpike Commission, or any State or municipal authority or similar organization created by or pursuant to a statute which declares in substance that such organization performs or has its purpose the performance of an essential governmental function."

8. The term "independent agency" in Section 102 of the Judicial Code, 42 Pa.C.S. § 102, is defined, in pertinent part, as:

> Boards, commissions, authorities and other agencies and officers of the Commonwealth government which are not subject to the policy supervision and control of the Governor, but the term does not include any court or other officer or agency of the unified judicial system or the General Assembly and its officers and agencies.

Law, the Law sets forth a list of descriptive examples which the term "Commonwealth Agency" includes: 1) The Governor's Office; 2) the Office of Attorney General, the Department of the Auditor General and the Treasury Department; and 3) an organization established by the Constitution of Pennsylvania, a statute or an executive order which performs or is intended to perform an essential governmental function.

Clearly, the DVRPC is not part of the Governor's Office, the Office of Attorney General, the Department of the Auditor General or the Treasury Department. The question then is whether the DVRPC meets the third definition. DVRPC was established by statute. In *SAVE*, this Court determined that DVRPC did not perform an essential governmental function. This Court agrees with DVRPC that it is not a "commonwealth agency" under the Law because it does not perform an essential governmental function.[9]

### C. Attorney Fees.

■ DVRPC also requests that this Court award it reasonable attorney fees and costs of litigation. Section 1304 of the Law, 65 P.S. § 67.1304, which addresses court costs and attorney fees, provides in pertinent part:

(a) **Reversal of agency determination.**—If a court reverses the final determination of the appeals officer or grants access to a record after a request for access was deemed denied, the court may award reasonable attorney fees and costs of litigation or an appropriate portion thereof to a requester if the court finds either of the following:

(1) the agency receiving the original request willfully or with wanton disregard deprived the requester of access to a public record subject to access or otherwise acted in bad faith under the provisions of this act; or

(2) the exemptions, exclusions or defenses asserted by the agency in its final determination were not based on a reasonable interpretation of law.

(b) **Sanctions for frivolous requests or appeals.**—The court may award reasonable attorney fees and costs of litigation or an appropriate portion thereof to an agency or the requester if the court finds that the legal challenge under this chapter was frivolous.

(c) **Other sanctions.**—Nothing in this act shall prohibit a court from imposing penalties and costs in accordance with applicable rules of court.

Paragraph (a) does not apply as DVRPC was not the requester. While this Court is permitted under Paragraph (b) to award reasonable attorney fees and costs for a frivolous legal challenge, DVRPC does not indicate why it believes that the legal chal-

---

9. In *Iverson*, the OOR ruled that because the new Law included entities that may not perform an essential governmental function, the DVRPC was an independent agency which met the definition of a Commonwealth agency under the Law. Although the Law includes entities such as the Governor's Office and the Treasury Department separately from the requirement that an agency perform an essential governmental function, this does not mean that the requirement is meaningless. Under the Statutory Construction Act, all provisions of a statute must be given effect. 1 Pa.C.S. § 1921(a). While some agencies may not perform an essential governmental function under the Act, the requirement cannot be ignored. Scott argues that the term "includes" means that paragraphs (i) through (iii) of the definition of "Commonwealth Agency" is not an exhaustive list but an illustrative list. The list may not be exhaustive, but the DVRPC is certainly not similar to the Governor's Office or the other listed Departments. This Court agrees with DVRPC that it is not subject to the Law because it does not perform an essential governmental function. Notably, Scott does not argue that the DVRPC performs an essential governmental function.

lenge by Scott was frivolous, and this Court declines to find it so.[10]

Because the DVRPC does not come under the Law, the OOR lacked the authority to compel the disclosure of records. Accordingly, the order of the OOR is vacated and this case is remanded to the OOR so that the OOR can quash the appeal to it.

### ORDER

AND NOW, this 3rd day of October, 2012, the order of the Office of Open Records in the above-captioned matter is vacated and the case is remanded to the Office of Open Records for the Office of Open Records to quash John Scott's appeal to it.

### DISSENTING OPINION BY Judge McCULLOUGH.

I must respectfully dissent from the Majority's decision not to adhere to the doctrine of collateral estoppel in this case and thus preclude the Delaware Valley Regional Planning Commission ("DVRPC") from contending that it is not a Commonwealth agency subject to the Right to Know Law (RTKL),[1] despite a prior determination by the Office of Open Records (OOR) to the contrary in *Iverson v. Delaware Valley Regional Planning Commission*, AP 2011–0572, filed July 19, 2011. It is noted that the DVRPC did not appeal *Iverson* to

this Court although it had the opportunity to do so. I dissent because I believe the Majority has confused the doctrine of collateral estoppel with the doctrine of *stare decisis*.

The Majority states: "[i]f *Iverson* had been a decision of the Court then the Court might be persuaded by Scott's argument [that collateral estoppel precludes the DVRPC from contending that it is not subject to the RTKL]. However, *decisions* of administrative boards or tribunals have no precedential value on this Court...." *Scott v. Delaware Valley Regional Planning Commission* and *Delaware Valley Regional Planning Commission v. Scott*, 56 A.3d 40, 44 (Pa.Cmwlth.2012) (emphasis added). It is without dispute that "decisions" of administrative boards or tribunals are not *stare decisis* with respect to an appellate court. However, that is not the question before us. Rather, we are obliged to decide whether an "issue" which has been previously "determined" collaterally estops a party in that proceeding from litigating it in a subsequent proceeding which is also before the same administrative board (the OOR).[2] Thus, I believe the issue is simply whether the doctrine of collateral estoppel is to be applied so as to preclude DVRPC from claiming it is not subject to the RTKL in proceedings before the OOR when the OOR has previously

---

10. Because this Court determines that DVRPC is not covered by the Law, this Court need not address either Scott's contentions regarding the denial of access to certain emails or DVRPC's contention that it does not come under the Law because it is a multi-state compact.

1. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

2. Unlike the Majority, I believe that the OOR's final determination reflects its correct conclusion that, because it had adjudicated the issue of whether DVRPC is a Common-

wealth agency subject to the RTKL status in a prior proceeding involving DVRPC, DVRPC could not re-litigate that issue before the OOR in these subsequent proceedings. (Final Determination, July 20, 2011, at 5.) The OOR did not otherwise address that issue in the adjudication presently before us. Consequently, the issue on appeal is not whether the OOR's determination is binding on this Court, but whether the OOR properly observed that *it* was collaterally estopped from reconsidering DVRPC's status. Under these circumstances, discussion of equivalent subject matter jurisdiction is irrelevant.

determined that the DVRPC is subject to the RTKL.

This Court has established ample precedent to apply the doctrine of collateral estoppel in this case and I believe that the Majority's failure to do so is at odds with that precedent. In *Irizarry v. Office of General Counsel*, 934 A.2d 143 (Pa. Cmwlth.2007), we affirmed the determination by the Office of General Counsel to give collateral estoppel effect to an arbitrator's decision in a labor grievance to a subsequent claim by a terminated Pennsylvania Department of Transportation employee for counsel fees incurred in defending a private rights action in federal court.

In *Day v. Civil Service Commission of the Borough of Carlisle*, 948 A.2d 900 (Pa. Cmwlth.2008), this Court affirmed a trial court's decision to apply collateral estoppel to issues previously litigated in federal court to a subsequent local civil service commission proceeding. In neither case were the determinations to apply collateral estoppel of "precedential value" to the Court. However, in both cases, the Court recognized the need to preclude re-litigation of issues previously determined because the test for application of collateral estoppel is: (1) identity of the issues(s) to be decided in the second proceeding; (2) the existence of a final judgment in the prior proceeding; (3) the party against whom collateral estoppel is to be asserted was a party or in privity with a party in the prior proceeding; and (4) the party against whom collateral estoppel is to be asserted had full and fair opportunity to previously litigate the issue. *Irizarry*, 934 A.2d at 150–151.

*Irizarry* and *Day* are particularly noteworthy in that in both cases the subsequent proceeding was before an adjudicative body different from the previous one. Hence, not only were the prior determination not precedent on this Court, they were not precedent upon the subsequent tribunals. However, in both instances this Court recognized and adhered to the doctrine of collateral estoppel because the four-prong test for its application was met.

I believe that the four-prong test for collateral estoppel clearly applies in this case as well. The issue of whether the DVRPC is subject to the RTKL was determined by the OOR in *Iverson* and the DVRPC did not appeal the OOR's determination. The DVRPC is the relevant party in both proceedings and there is no assertion that it did not have a full and fair opportunity to previously litigate the applicability of the RTKL to it. Thus, the doctrine of collateral estoppel should bar the DVRPC from denying that it is subject to the RTKL. Given that the DVRPC is estopped from challenging the jurisdiction of the OOR, the Court's analysis should properly focus upon the substance of the OOR's determination and discussion of the challenges to OOR's decision with respect to various records.