# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gegen LLC,                   :

        Appellant           :    No. 437 C.D. 2016

                           :

        v.                 :    Submitted: October 14, 2016

                           :

Philadelphia Parking Authority    :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge

## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                           FILED: February 13, 2017

Gegen LLC (Gegen) appeals from the February 16, 2016 order of the Court of Common Pleas of Philadelphia County (trial court), denying its appeal and affirming the decision of the Philadelphia Parking Authority (PPA). The PPA had adopted the recommendation of a hearing officer in part and remanded in part. More specifically, the PPA adopted a hearing officer's recommendation to dismiss counts 1, 3, and 5 of the petition presented by a collection of 41 taxicab companies in Philadelphia (collectively, Petitioners) for relief and for declaratory order, but found that Petitioners had standing to request review of the validity of Gegen's rate structure as raised in counts 2 and 4. Further, the PPA held that the hearing officer had jurisdiction to review the decision to accept Gegen's proposed tariff and determine if the tariff is impermissibly inconsistent with the PPA's regulations.

## Facts and Procedural History

The following facts are not in dispute. Petitioners are numerous medallion cab companies that hold certificates of public convenience (CPC) issued by the PPA to provide citywide call or demand taxicab service in Philadelphia. Gegen, a wholly-owned subsidiary of Uber Technologies, Inc. (Uber), holds a CPC authorizing it to provide limousine service in Philadelphia. (Reproduced Record (R.R.) at 2a.)

On April 16, 2014, Petitioners filed a petition for relief and for a declaratory order with the PPA which essentially included five counts. In count 1, Petitioners alleged that Gegen was operating a call or demand service in Philadelphia without medallions or CPCs authorizing such service. In count 2, Petitioners alleged that the provisions for base fares, minimum fares, flat fares, and pro-rated fares contained in Gegen's limousine tariff violated 52 Pa. Code §1063.2(b) because those rates are not based solely on time and permits changes in increments of less than 30 minutes.[1] (R.R. at 1a-7a.)

In count 3, Petitioners alleged that the surge pricing provisions of Gegen's limousine tariff violated 52 Pa. Code §23.31 because they do not explain in sufficiently clear and explicit terms the proper application in the calculation of fares.[2]

---

[1] Section 1063.2(b) of the PPA's regulations provides that "[l]imousine rates shall be based solely on time, and shall be contained in a tariff filed, posted and published as provided in the act and this part. The use of meters is prohibited. The initial time period and each subsequent increment must be at least 30 minutes." 52 Pa. Code §1063.2(b).

[2] This section is part of the regulations of the Pennsylvania Public Utility Commission and provides that "[a]n explanatory statement shall be presented in such clear and explicit terms regarding the rates, charges and the like, contained in the tariff, as may be necessary to define their proper application." 52 Pa. Code §23.31.

In count 4, Petitioners alleged that the surge pricing provisions of Gegen's limousine tariff violated 53 Pa.C.S. §5703(a) and (d) because they are unjust, unreasonable, and discriminatory.[3] In count 5, Petitioners alleged that the rates received by Gegen were unjust and unreasonable, violate the PPA's regulations and orders, and should be refunded to patrons pursuant to 53 Pa.C.S. §5703(h).[4] Additionally, Petitioners asserted that they have a clear, direct, and substantial interest in this matter because of the significant amount of capital they invested to acquire medallions and corresponding CPCs to provide citywide call or demand service in Philadelphia and

---

[3] Section 5703(a) of the Parking Authorities Law (commonly known as Act 94) provides that "[e]very rate made for authority-certified taxicab, limousine or medallion taxicab service shall be just and reasonable and in conformity with regulations or orders of the authority." Act of December 30, 2001, P.L. 2001, reenacted and amended by the Act of July 16, 2004, P.L. 758 (Act 94), 53 Pa.C.S. §5703(a). Section 5703(d) provides that:

> No taxicab or limousine service shall make or grant any unreasonable preference or advantage to any person, corporation or municipal corporation or subject any person, corporation or municipal corporation to any unreasonable prejudice or disadvantage concerning its rate. No taxicab or limousine service shall establish or maintain any unreasonable difference as to rates. This subsection shall not prohibit the establishment of reasonable zone or group systems or classifications of rates.

53 Pa.C.S. §5703(d).

[4] Section 5703(h) of the Parking Authorities Law provides as follows:

> If, in any proceeding involving rates, the authority determines that any rate received by a taxicab or limousine service was unjust or unreasonable or was in violation of any regulation or order of the authority or was in excess of the applicable rate contained in an existing and effective tariff of the taxicab or limousine service, the authority shall have the power to make an order requiring the public utility to refund the amount of any excess paid by any patron.

53 Pa.C.S. §5703(h).

the stringent and costly regulatory standards that they must follow to provide such service. Petitioners further asserted that Gegen is operating illegally and with an unfair competitive advantage, thereby diminishing the value of their investments. (R.R. at 7a-10a.)

On May 22, 2014, Gegen filed a motion to dismiss contending that it was not operating a call or demand service within Philadelphia, but instead a limousine service consistent with its CPC, and that its tariff had been the subject of extensive negotiations with the PPA and was in effect for sixteen months. Gegen also contended that Petitioners lacked standing and/or were estopped from challenging its license, as they had notice of its application and ample opportunity to protest the same. Petitioners filed an answer in opposition to the motion to dismiss and the matter was assigned to a hearing officer, who heard oral argument and accepted briefs from the parties. (R.R. at 27a-29a, 38a-44a.)

**Hearing Officer Decision**

By decision and order dated October 9, 2014, the hearing officer granted Gegen's motion to dismiss, concluding that he lacked jurisdiction over Petitioners' petition because the PPA's governing board had previously authorized the issuance of a CPC to Gegen to operate a limousine service and he could not override that decision. Nevertheless, for the sake of completeness, the hearing officer addressed all other issues raised by the parties. The hearing officer concluded that Petitioners lacked standing, noting that Petitioners are taxicab owners whereas Gegen operates a limousine service, that Gegen's CPC was issued a year before Petitioners filed their petition, and that issues relating to Gegen's tariff are for the Taxicab and Limousine Division (TLD) Enforcement Department to investigate. (R.R. at 159a-64a.)

4

The hearing officer also concluded that a petition for declaratory order was not the proper procedure to address allegations of an illegal service provider or illegal/noncompliant tariff, noting that the TLD's regulations provide for the filing of an informal complaint and investigation by the TLD Enforcement Department. Additionally, the hearing officer noted that Petitioners were estopped from challenging Gegen's application or tariff because they failed to file a timely protest of the same. Next, the hearing officer noted that any issue concerning Gegen's purported violation of the PPA's advanced reservation requirement for limousine service was for the TLD Enforcement Department to investigate. Finally, the hearing officer concluded that he lacked jurisdiction over Petitioners' argument that Gegen's tariff was illegal, reiterating that said tariff was accepted by the PPA's governing board and that he could not override this decision. The hearing officer further concluded that Gegen's tariff complied with the requirements of 52 Pa. Code §1063.2(b). (R.R. at 160a-62a.)

**Exceptions to Hearing Officer Decision**

Petitioners thereafter filed exceptions to the hearing officer's recommended decision and order. Petitioners argued that the hearing officer erred in concluding that he lacked jurisdiction to declare that the limousine service provided by Gegen was inconsistent with the PPA's regulations or Gegen's tariff, as such action would not override, overturn, or otherwise infringe on the PPA's grant of a CPC to Gegen or the approval of Gegen's tariff. Petitioners also argued that the hearing officer erred in concluding that they lacked standing to seek clarification of the issues raised in their petition given the substantial and direct adverse impact that Gegen's illegal provision of call or demand service has on them. Next, Petitioners

5

alleged that the hearing officer erred in concluding that a petition for a declaratory order was not the appropriate procedure because they are not alleging a violation of the tariff, which admittedly is the responsibility of the TLD Enforcement Department, but instead are alleging that the tariff itself was illegal in the first place. Finally, Petitioners alleged that the hearing officer erred in concluding that they are collaterally estopped from seeking declaratory relief given the hearing officer's acknowledgement that a factual dispute exists between the parties and the fact that neither the legality of Gegen's service or tariff were actually litigated in Gegen's application proceeding. (R.R. at 165a-72a.)

Gegen submitted a reply to Petitioners' exceptions contending that the hearing officer's decision and order were proper. Gegen noted that Petitioners had an opportunity to protest their application and proposed tariff but failed to do so, and hence, they were seeking a proverbial second bite of the apple. Gegen asserted that the hearing officer lacks jurisdiction to overturn the PPA's approval of the same. As to standing, Gegen contended that Petitioners are seeking to act as the enforcement arm of the TLD, which has in fact investigated and filed an informal complaint, followed by a formal complaint which was currently being litigated. As to the proper procedure and collateral estoppel, Gegen reiterates that Petitioners had the opportunity to protest its application and proposed tariff but failed to do so. (R.R. at 174a-77a.)

**PPA Decision**

By opinion and order dated April 30, 2015, the PPA accepted the hearing officer's recommendation to effectively dismiss counts 1, 3, and 5 of Petitioners' petition, but rejected the dismissal of counts 2 and 4 and remanded the

6

matter to the hearing officer for consideration of these counts. The PPA concluded that Petitioners had standing to request review of the validity of Gegen's rate structure as identified in its tariff. The PPA noted that the regulated industry is not provided with notice or an opportunity to protest limousine tariffs because tariffs are not rights and that a review of the legality of Gegen's tariff cannot be achieved through a TLD enforcement action. The PPA also concluded that the hearing officer had jurisdiction to review the acceptance of Gegen's tariff and to determine if the tariff is impermissibly inconsistent with PPA regulations because PPA's governing board did not review or consider said tariff as part of its determination to approve Gegen's application for a CPC. Rather, the PPA noted that limousine tariffs are submitted to, reviewed, and maintained by the Director of the TLD and the question properly before the hearing officer related to the propriety of the Director's acceptance of Gegen's tariff. (R.R. at 181a-83a.)

## Trial Court Decision

Gegen thereafter filed a statutory appeal with the trial court. By order dated February 16, 2016, the trial court denied Gegen's appeal and affirmed the PPA's April 30, 2015 order. In a subsequent opinion in support of its order, the trial court explained that protests may only be filed with regard to an application for rights from the PPA, such as a CPC, a driver's certificate, registration, or waiver. The trial court noted, as did the PPA, that tariffs are not rights and, hence, Petitioners had no opportunity to file a protest regarding Gegen's proposed tariff. Consequently, the trial court stated that the PPA properly declined to find that Petitioners were collaterally estopped from raising that issue. The trial court also found that the PPA properly concluded that the hearing officer had jurisdiction to review the acceptance

7

of the tariff and whether it was impermissibly inconsistent with the PPA's regulations because said tariff was never reviewed by the PPA's governing board when it granted Gegen its CPC. In other words, the hearing officer would not be overturning a decision of the PPA's governing board regarding Gegen's tariff because no such decision was ever rendered. Gegen subsequently filed an appeal with this Court. (R.R. at 186a, 231a, 251a-59a.)

On appeal to this Court,[5] Gegen argues that the trial court erred as a matter of law in failing to apply collateral estoppel to the review of its tariff, in permitting the hearing officer to review a decision of the PPA's governing board, and in failing to conclude that a declaratory judgment action was not the appropriate form of relief to address Petitioners' issues.[6] We disagree.

## Discussion

### Collateral Estoppel

Gegen first argues that the trial court erred as a matter of law in failing to apply collateral estoppel to the review of its tariff. The doctrine of collateral

___

[5] Where the trial court does not take any additional evidence, our scope of review of an agency's decision is limited to determining whether constitutional rights were violated, whether an error of law was committed, and whether necessary findings of fact are supported by substantial evidence. *Kovler v. Bureau of Administrative Adjudication*, 6 A.3d 1060, 1062 n.1 (Pa. Cmwlth. 2010).

[6] Petitioners contend that the trial court's order should be affirmed because Gegen's appeal constitutes an impermissible interlocutory appeal under Pa.R.A.P. 341(b) and does not meet the requirements of an appealable administrative remand under Pa.R.A.P. 311(f)(1). In making this argument, Petitioners focus on the PPA's order remanding the matter to the hearing officer for consideration of counts 2 and 4 of Petitioners' petition. However, the present appeal before this Court comes from the trial court's February 16, 2016 order affirming the PPA's order. There is no question that the trial court's order constitutes a final, appealable order. Moreover, while Petitioners raised this issue before the trial court, it appears the trial court did not address the same in its opinion and Petitioners did not file a cross-appeal of the trial court's decision.

8

estoppel, often referred to as issue preclusion, is designed to prevent relitigation of an issue in a later action, despite the fact that the later action is based on a cause of action different from the one previously litigated. *Scott v. Delaware Valley Regional, Planning Commission*, 56 A.3d 40, 43-44 (Pa. Cmwlth. 2012) (citation omitted). Collateral estoppel is applicable where: (1) the issue decided in the prior case is identical to the one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the doctrine is asserted was a party or in privity with a party in the prior case and had a full and fair opportunity to litigate the issue; and (4) the determination in the prior proceeding was essential to the judgment. *Id.* at 44 (citation omitted).

Gegen asserts that collateral estoppel is applicable here because: it applied for a CPC with the PPA to provide limousine services in Philadelphia; notice of its application was published in the Pennsylvania Bulletin and on the PPA's website; its application included a schedule of rates to be reviewed as part of the review of its financial ability to operate; and Petitioners had an opportunity to file a protest to challenge its operational and financial fitness but chose not to avail themselves of this opportunity. Gegen notes that the tariff is required to be submitted with its application and is an essential part of the PPA's approval process. Further, Gegen notes that the initial tariff is approved by the PPA and its governing board, and that the TLD only reviews proposed changes to this initial tariff.

However, Gegen's notation is contrary to the findings of the PPA and the trial court. Both the PPA and the trial court explained that tariffs are not rights and that the PPA's governing board did not review or consider Gegen's proposed tariff as part of its determination to approve Gegen's application for a CPC. Consequently, both the PPA and the trial court noted that the regulated industry,

9

including Petitioners, is not provided with notice or an opportunity to protest limousine tariffs. Because the issue of Gegen's tariff was not decided as part of Gegen's CPC application and no final judgment was rendered with respect to this issue, collateral estoppel does not apply and the trial court acted properly in refusing to apply this doctrine.

**Jurisdiction of Hearing Officer**

Gegen next argues that the trial court erred as a matter of law in remanding counts 2 and 4 to the hearing officer, because the hearing officer lacked jurisdiction to overturn the decision of the PPA's governing board. Gegen notes that, under section 5705 of the Parking Authorities Law, 53 Pa.C.S. §5705, the hearing officer's duty on a complaint/petition is to issue a recommended decision to the PPA's governing board, which then makes the decision final, either by not taking any further action or by issuing its own decision based upon the recommended decision and any exceptions. Here, Gegen asserts that the trial court is permitting a reversal of these statutory roles and allowing the hearing officer to review a decision of the governing board.

However, as noted above, the PPA's governing board did not review or consider Gegen's proposed tariff as part of its determination to approve Gegen's application for a CPC. Hence, the PPA's governing board made no decision regarding the tariff upon which the hearing officer could infringe. Rather, as the PPA noted in its decision, limousine tariffs are submitted to, reviewed, and maintained by the Director of the TLD and the question properly before the hearing officer related to the propriety of the Director's acceptance of Gegen's tariff. Moreover, as the PPA also noted, a review of the legality of Gegen's tariff cannot be achieved through a

10

TLD enforcement action. Because the PPA's governing board never reviewed or considered any issue relating to Gegen's proposed tariff, there is no decision for the hearing officer to overturn and the trial court did not err in affirming the PPA's decision to remand counts 2 and 4.

### Petition for Declaratory Order

Finally, Gegen argues that the trial court erred in failing to conclude that a declaratory judgment action was not the appropriate form of relief to address Petitioners' issues. Instead, Gegen asserts that Petitioners cannot circumvent the procedures set forth in sections 1003.41-1003.43 of the PPA's regulations, 52 Pa. Code §§1003.41-1003.43, relating to the filing of an informal complaint with the TLD and the possible commencement of a formal complaint either by the TLD's Enforcement Department or by Petitioners.

Gegen's argument, however, is flawed because the PPA's regulations permit the filing of a petition, and, specifically, a petition for declaratory order. Section 1001.10(a) of the regulations defines a "pleading" as "[a]n application, complaint, petition, answer, motion, preliminary objection, protest, reply, new matter and reply to new matter or other similar document filed in a formal proceeding." 52 Pa. Code §1001.10(a) (emphasis added). Section 1005.21(a) of the regulations provides that petitions may be filed by, *inter alia*, parties or certificate holders and section 1005.21(b) sets forth the required contents of a petition. 52 Pa. Code §1005.21(a), (b). Section 1005.22 of the regulations addresses petitions for declaratory orders, providing, in pertinent part, as follows:

> (a) Petitions for the issuance of a declaratory order to terminate a controversy or remove uncertainty must:

11

(1) State clearly and concisely the controversy or uncertainty which is the subject of the petition.

(2) Cite the statutory provision or other authority involved.

(3) Include a complete statement of the facts and grounds prompting the petition.

(4) Include a full disclosure of the interest of the petitioner.

(b) The petitioner shall serve a copy of the petition on the Director, General Counsel, all persons directly affected and on other parties who petitioner believes will be affected by the petition. Service shall be evidenced with a certificate of service filed with the petition.

(c) Copies shall also be served in compliance with Authority direction.

52 Pa. Code §1005.22(a)-(c).

In the present case, Petitioners' petition is squarely challenging the legality of Gegen's tariff and seeks a declaration that the tariff is illegal in light of the direct, significant, and adverse impact it is having on Petitioners' taxicab operations. Because this petition was filed in accordance with the PPA's regulations, the trial court did not err in refusing to conclude that a declaratory judgment action was not the appropriate form of relief to address Petitioners' issues.

## Conclusion

Because collateral estoppel is not applicable in this case, the hearing officer had jurisdiction to review the propriety of Gegen's tariff and would not infringe upon the decision of the PPA's governing board, and a petition for declaratory order was a proper avenue by which Petitioners could seek their

requested relief, the trial court did not err in affirming the PPA's April 30, 2015 order.

Accordingly, the trial court's order is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gegen LLC,                           :
          Appellant        :     No.  437 C.D. 2016
                                 :
      v.                           :
                                 :
Philadelphia Parking Authority       :

## _ORDER_

AND NOW, this 13th day of February, 2017, the order of the Court of Common Pleas of Philadelphia County, dated February 16, 2016, is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge