# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Davaun Barnett,  :
               Appellant  :
  :
         v.  :   No. 574 C.D. 2019
  :   SUBMITTED: May 15, 2020
Penn Hills School District  :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**              **FILED: June 10, 2020**


Davaun Barnett appeals from the order of the Court of Common Pleas of Allegheny County granting Penn Hills School District's motion for summary judgment and dismissing Barnett's complaint on the ground of collateral estoppel. Barnett seeks to collect his salary for a period when he was suspended without pay by the School District on June 20, 2013, through his dismissal by the District's Board of School Directors (School Board) on November 25, 2013. In his complaint Barnett asserts causes of action for breach of contract and under the Wage Payment and Collection Law (WPCL).[1] The underlying entitlement for which he claims wages arises under Section 1151 of Public School Code of 1949.[2] We affirm.

---

[1] Act of July 14, 1961, P.L. 637, *as amended*, 43 P.S. §§ 260.1 – 260.45.

[2] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 11-1151. Barnett styles his claim of violation of Section 1151 as "breach of contract." (Barnett Complaint at 9-10; Reproduced Record "R.R." at 119-120). Section 1151 provides, in pertinent part, as follows:

An earlier iteration of the ongoing dispute between Barnett and the School District has come before us and the underlying operative facts are the same, *see Barnett v. Penn Hills School District* (Pa. Cmwlth., No. 1412 C.D. 2014, filed May 28, 2015) (*Barnett I*). Those facts may be summarized for present purposes as follows. In February 2013, Barnett served as Building Principal of the Linton Middle School. At that time, $300 was collected at the door during a fundraiser at the Middle School and handed to Barnett's wife, with instructions to give the money to Barnett.[3] The $300 has remained unaccounted for since that time.

Barnett was approached multiple times about the whereabouts of the $300 and gave conflicting answers. That matter escalated into a disciplinary action, which included the previously mentioned suspension without pay. After hearings were held before the School Board, Barnett was dismissed by the School District. Barnett appealed his dismissal to the Pennsylvania Secretary of Education, who

> [T]here shall be no demotion of any professional employe [of a school district] . . . in salary . . . without the consent of the employe, or, if such consent is not received, then such demotion shall be subject to the right to a hearing before the board of school directors and an appeal in the same manner as hereinbefore provided in the case of the dismissal of a professional employe.

*Id.*

[3] Barnett states that his suspension and dismissal was also based upon a second charge, relating to failure to follow proper procedure pertaining to a bomb threat at the school. The District's decision to terminate Barnett was on the basis both of the failure to account for the $300 and the mishandling of the bomb threat, but on appeal the Secretary of Education found that the Board's decision with regard to the mishandling of the bomb threat was not supported by substantial evidence and overruled the Board. However, the Secretary upheld the decision to terminate solely on the basis of the failure to account for the $300, which was the only issue before this Court on appeal. *Barnett I*, slip op. at 1 n.1.

2

conducted a *de novo* review and issued her own findings of fact and conclusions of law finding that Barnett's misrepresentations constituted immorality. We affirmed. Barnett requested reargument, which we denied. Barnett did not petition our Supreme Court for allowance of appeal, making the judgment of this Court final.

Subsequent to the final judgment in *Barnett I*, Barnett filed an action against the School District and the School Board members as individuals under 42 U.S.C. § 1983, *inter alia*, in the United States District Court for the Western District of Pennsylvania. Upon motion to dismiss of the School District and the individual School Board members, that action was dismissed. *Barnett v. Penn Hills Sch. Dist.* (W.D. Pa., No. 2:16-cv-274, filed May 18, 2016) (*Barnett II*). In *Barnett II*, the Western District found that the Section 1983 claim was barred against the School District by this Court's judgment in *Barnett I* under the doctrine of claim preclusion (*i.e.*, res judicata). *Id.*, slip op. at 4. However, although dismissing the Section 1983 action with prejudice, the state law breach of contract claim was dismissed without prejudice "to refile in the appropriate state court." *Id.*, slip op. at 10.

In April 2016, during the pendency of the federal action, Barnett filed the instant action against the School District. In February 2019, the School District filed a motion for summary judgment, asserting that Barnett's claims were barred by the doctrines of res judicata and collateral estoppel. In April 2019, the trial court granted the motion for summary judgment and dismissed Barnett's action with prejudice. The trial court, upon Barnett's appeal to this Court, issued an opinion in support of its order. *Barnett v. Penn Hills Sch. Dist.*, (C.C.P. Allegheny, Civil Div., No. GD 16-006712, filed July 17, 2019).

On appeal,[4] Barnett raises the following issues:

1. Did the trial court err as a matter of law or abuse its discretion in relying on materials in its decision granting summary judgment when the referenced materials were never made part of the record for the motion for summary judgment?

2. Did the trial court err as a matter of law in concluding that collateral estoppel (also known as issue preclusion) applied to Barnett's claims thereby requiring entry of summary judgment?

(Barnett's Br. at 4.)

With respect to the first issue raised, Barnett argues that the trial court erred or abused its discretion in relying upon documents cited by the School District in its motion for summary judgment and brief in support thereof but not included in the record submitted in support of summary judgment. These documents are compiled in Barnett's brief to this Court and include an excerpt of a deposition of Barnett taken in the course of the instant action and Exhibits 1 to 5 thereto. (Barnett Br. at 42-175.) Page fifteen of the deposition includes a question concerning Barnett's acknowledgement that he had sought wages lost as a result of his suspension in his appeal to the Secretary. (*Id.* at 47). The exhibits in question (including exhibits to the Exhibits, where attached) are as follows:

---

[4] In reviewing a trial court's grant of summary judgment, we consider whether any material issues of fact remain as to the necessary elements of the cause of action pleaded. *Pentlong Corp. v. GLS Capital, Inc.*, 72 A.3d 818, 823 n.6 (Pa. Cmwlth. 2014); Pa. R.C.P. No. 1035.2(1). Moreover, summary judgment is appropriate only when, after viewing the record in the light most favorable to the non-moving party and resolving any doubt regarding issues of fact against the moving party, it is clear that the moving party is entitled to judgment as a matter of law. *Id.* An absence of genuine issues of material fact may be established through the doctrine of collateral estoppel. *Fiore v. Dep't of Envtl. Res.*, 655 A.2d 1081, 1085 (Pa. Cmwlth. 1995)

4

Exhibit 1—Petition to Appeal the Determination of the School District to the Secretary (Barnett Br. at 51-89)

Exhibit A—Findings of Fact, Conclusions of Law, and Adjudication of the School District Dated November 25, 2013 (Barnett Br. at 62-87)

Exhibit B—Resolution of the School Board Dated November 25, 2013 (Barnett Br. at 88-89)

Exhibit 2—Petition for Review to the Commonwealth Court (Barnett Br. at 90-113)

Exhibit A—Opinion of the Secretary (Barnett Br. at 93-113)

Exhibit 3—*Barnett I* (Barnett Br. at 114-133)

Exhibit 4—Complaint in *Barnett II* (Barnett Br. at 134-156)

Exhibit 5—*Barnett II* (Barnett Br. at 157-175)

Barnett contends that these documents fall outside the definition of "record" for purposes of a summary judgment, which includes, in pertinent part, "pleadings, [] depositions, answers to interrogatories, admissions, and affidavits." Pa. R.C.P. No. 1035.1 (relating to motion for summary judgment, definition). Thus, Barnett argues that it was improper for the trial court to rely upon these documents "not of record" and that the School District did not meet its burden of production for summary judgment.

The School District argues that Barnett has waived this argument because it was not raised prior to his appeal, when he had an opportunity to do so in his response to the motion for summary judgment, brief in opposition, or argument

5

before the trial court. (Sch. Dist. Br. at 8.)[5] Alternatively, the School District argues that the argument fails because the record, for purposes of Pa. R.C.P. No. 1035.1, includes deposition transcripts and the like and because Barnett admitted in his response to the references to the deposition transcript and exhibits and cited to the deposition testimony and exhibits.

In the motion for summary judgment, the School District alleged that Barnett had requested that the Secretary find that "[t]he evidence of record [did] not support a termination (or the suspension without pay) of [] Barnett on any grounds" and that the Secretary and this Court instead affirmed. (Motion for Summary Judgment ¶¶ 11-13; Reproduced Record "R.R." at 65a.) Barnett admitted these allegations in his response to the motion for summary judgment, although he denied that the Secretary and this Court had jurisdiction to review a decision to suspend a professional employee under the Public School Code. (Response to Motion for Summary Judgment, ¶¶ 11-13; R.R. at 88a.) The School District's motion for summary judgment also alleged facts concerning the history of the case set forth above, citing the deposition transcript and Exhibits 1 (including Exhibits A and B appended thereto), 4, and 5. (Motion for Summary Judgment ¶¶ 7-13, 15-19; R.R. at 65a-66a.) Barnett admitted the facts alleged in the motion for summary judgment, although he did dispute the legal assertions.

While the failure to attach these documents is irregular, Barnett did not object to their omission in his response and cannot claim that the documents do not exist or that their contents are unfamiliar to him. Barnett knew of their existence and has not disputed their contents, although he does dispute their import. While the trial court could—and perhaps should—have limited its citations to the motion for

---

[5] The issue was first raised in Barnett's statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

6

summary judgment and the admissions in Barnett's response (i.e., documents in its possession), and avoided citation to documents not actually submitted into the record, this seems to be, on the facts of this case, of no moment.

With regard to Barnett's second issue, he contends that the trial court erred in entering summary judgment on the basis of collateral estoppel. Barnett denies that his request for back wages as part of his request for reinstatement to the Secretary fostered a decision which would have collateral estoppel effect.

The doctrine of collateral estoppel, often referred to as issue preclusion, is designed to prevent relitigation of an issue in a later action, despite the fact that the later action is based on a cause of action different from the one previously litigated. *Scott v. Del. Vall. Reg'l Planning Comm'n*, 56 A.3d 40, 43–44 (Pa. Cmwlth. 2012). Collateral estoppel applies where: (1) the issue decided in the prior case is identical to the one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the doctrine is asserted was a party or in privity with the party in the prior case and had a full and fair opportunity to litigate the issue; and (4) the determination in the prior proceeding was essential to the judgment. *Id.*

In his appeal to the Secretary, Barnett squarely raised the issue he attempts to relitigate here. In Paragraph 67 of that appeal he states that he "seeks payment of all wages lost as a result of his improper suspension without pay." (Opinion of the Secretary, Barnett Br. at 51). Nonetheless, Barnett makes three arguments in support of his claim that collateral estoppel does not apply. First, he cites *Rike v. Secretary of Education*, 494 A.2d 1388, 1390 (Pa. 1985), for the proposition that the suspension without pay was not a dismissal and was thus outside the Secretary's jurisdiction to adjudicate. Barnett contends that the Secretary's lack of jurisdiction, which he argues extended to this Court, means that the decisions of the Secretary and the Court did not meet the first, second, and fourth criteria for

7

collateral estoppel—respectively, that there was a lack of identity in the issues presented, no final judgment on the merits, and no determination essential to the judgment.

Second, Barnett argues that the trial court erred in finding that his request for back pay in his pursuit of reinstatement to the Secretary and this Court under Section 1130 of the Public School Code, 24 P.S. § 11-1130, required he show that the discharge itself was unlawful. Because the current action is for loss of wages during the pre-termination suspension, Barnett argues that the decisions of the Secretary and this Court fail to meet the first and fourth criteria for the application of collateral estoppel.

Third, Barnett argues[6] that the decision of the United States District Court for the Western District of Pennsylvania could not be a basis for collateral estoppel because of the lack of identity of issues—the federal action, Barnett argues, was a challenge to whether he was afforded procedural and substantive due process in the termination proceedings, with a state law contract claim dismissed without prejudice to be refiled in state court.

It is well-settled that under the Public School Code a school superintendent may suspend an employee without pay pending termination proceedings. *Kaplan v. Sch. Dist. of Phila.*, 130 A.2d 672 (Pa. 1957); *Bd. of Educ. of Sch. Dist. of Phila. v. Kushner*, 530 A.2d 541, 542 (Pa. Cmwlth. 1987); and *Bd. of Sch. Dirs. of E. York Sch. Dist. v. Fasnacht*, 441 A.2d 481, 484 n.7 (Pa. Cmwlth. 1982). Conversely, though there is an implied power to suspend pending a discharge hearing, such a basis for suspension must fall when the discharge itself has been reversed as improper. *Shearer v. Sec'y of Educ.*, 424 A.2d 633, 634 (Pa. Cmwlth.

---

[6] Barnett also reiterates his argument concerning the absence of the complaint and decision in the federal case from the record, which we reject above.

8

1981).  Back pay is available where a termination is found unlawful.  Section 1130 of the Public School Code, 24 P.S. § 11-1130 ("[i]n all such cases [where the final decision is in favor of the professional employe] there shall be no abatement of salary or compensation").

Essentially, Section 1130 of the Public School Code makes recovery of back pay contingent upon the employee's succeeding in his challenge to the termination.  While the Court appreciates the ingenuity of Barnett's counsel in arguing that a terminated employee may separately challenge the loss of pay during a pre-termination suspension under the WPCL, such an argument ignores the rule of *Kaplan*, *Kushner*, and *Fasnacht*.  For purposes of collateral estoppel, in this case, the issues presented here were adjudicated in *Barnett I* because the justification found sufficient to terminate Barnett validated his suspension prior to termination.  There was a final judgment on the merits because the forums for appealing his termination ruled on the merits and no further appeal was attempted.  The parties— Barnett and the School District—are the same.  Finally, the determination was essential to the judgment because the consequence of the determination—that the suspension without pay stood—was part and parcel of the determination.

In light of the foregoing, we affirm.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

9

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Davaun Barnett,
               Appellant

           v.

Penn Hills School District

:
:
:
:   No. 574 C.D. 2019
:
:

## O R D E R

AND NOW, this 10th day of June, 2020, the order of the Court of Common Pleas of Allegheny County granting summary judgment and dismissing this matter with prejudice is AFFIRMED.

 

 

                              _____

                              **BONNIE BRIGANCE LEADBETTER,**
                              Senior Judge